**Earl NEIDLINGER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (QUAKER ALLOY/CMI INTERNATIONAL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 22, 2002.

Decided May 17, 2002.

Andrew C. Onwiedinja, Pottsville, for petitioner.

Joseph C. Patterson, Harrisburg, for respondent.

Frank L. Tamulonis, Pottsville, for respondent, CMI Intrernational.

BEFORE: COLINS, President Judge, COHN, Judge, and MIRARCHI, Senior Judge.

OPINION BY Senior Judge MIRARCHI.

Earl Neidlinger (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the workers' compensation judge (WCJ) granting the petition for joinder filed by Quaker Alloy and then denying his claim petition. The issue on appeal is whether Claimant was entitled to a default judgment on his claim petition based

solely on the untimeliness of the answer to the petition for joinder. We affirm.

Claimant filed a claim petition against Quaker Alloy on March 12, 1999, alleging that he suffered from silicosis caused by his long and continuous exposure to dust and particulate matters during employment with Quaker Alloy as a floor molder from 1959 to February 25, 1994.[1] In a timely filed answer, Quaker Alloy denied Claimant's allegations and further alleged, *inter alia*, that Claimant filed the claim petition against the wrong party and that the issues raised in the claim petition had been already decided by the WCJ in his previous decision.[2]

On May 26, 1999, Quaker Alloy filed a petition to join CMI International and its insurance carrier as additional defendants potentially liable for Claimant's alleged disability. Quaker Alloy alleged that CMI International owned Quaker Alloy while Claimant was employed at the Quaker Alloy facility and that Hayes–Lemmerz, Inc. thereafter purchased CMI International. On July 16, 1999, CMI International/Hayes–Lemmerz, Inc. (CMI/Hayes) filed an answer denying Quaker Alloy's allegations. The answer filed by CMI/Hayes was untimely under Section 416 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 821, which requires an answer to a petition to be filed within twenty days after its service.

Claimant subsequently sought to preclude CMI/Hayes from presenting evidence in opposition to the petition for joinder and the claim petition. Claimant argued that the allegations in those petitions were deemed to be admitted due to CMI/Hayes' failure to timely file the answer to the petition for joinder. The WCJ then precluded CMI/Hayes from presenting any evidence to oppose the petition for joinder and the claim petition and deferred his ruling on the petition for joinder until his decision on the merits of the claim petition.

At a subsequent hearing, Claimant testified that he had difficulty in breathing as a result of his exposure to sand and silicon powders while working at the Quaker Alloy facility. Claimant also presented the deposition testimony of Jonathan Hertz, M.D., who is board-certified in internal and pulmonary medicine. Dr. Hertz opined that Claimant was disabled due to silicosis caused by his exposure to the silicon dioxide dust during his employment at the Quaker Alloy facility. In opposition to the claim petition, Quaker Alloy presented the deposition testimony of John R. Cohn, M.D., who is board-certified in pulmonary and internal medicine. Based on his examination of Claimant and review of the clinical test results, Dr. Cohn opined that Claimant did not suffer from silicosis or any other pulmonary disease related to his employment and that Claimant's shortness of breath was caused by his weight, conditioning and possible heart disease. Quaker Alloy also presented the evidence to support its petition for joinder.

Accepting the evidence presented by Quaker Alloy, the WCJ found that CMI

---

1. Section 108(k) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. § 27.I(k), lists "[s]ilicosis in any occupation involving direct contact with, handling of, or exposure to the dust of silicon dioxide," as one of occupational diseases under the Act.

2. Claimant initially filed the claim petition against Quaker Alloy on August 3, 1995, alleging that he was disabled due to his long and continuous exposure to deleterious dust and particulate matters during his employment with Quaker Alloy. In a decision dated April 15, 1997, the WCJ denied the claim petition.

International merged Quaker Alloy during Claimant's employment; when Claimant left employment on February 25, 1994, his employer was known as CMI–Quaker Alloy, Inc.; and Hayes–Lemmertz, Inc. subsequently assumed the liability for workers' compensation claims of employees at the Quaker Alloy facility and ultimately purchased CMI–Quaker Alloy, Inc. on February 3, 1999. Based on these findings, the WCJ granted Quaker Alloy's petition to join CMI/Hayes as an additional defendant potentially liable for Claimant's alleged disability.

As to the merits of the claim petition, the WCJ accepted Dr. Cohn's testimony as credible and rejected the conflicting testimony of Dr. Hertz and Claimant. The WCJ found that although Claimant was exposed to the silicon dioxide dust during his employment at the Quaker Alloy facility, he did not suffer from silicosis or any other pulmonary disease. In addition, the WCJ rejected Claimant's argument that the allegations in the claim petition should be deemed to be admitted due to the late answer of CMI/Hayes to the petition for joinder. The WCJ accordingly denied the claim petition. On appeal, the Board affirmed the WCJ's decision.

 Claimant reiterates before this Court that his allegations in the claim petition were deemed to be admitted because of the failure of CMI/Hayes to file a timely answer to the petition for joinder and that the WCJ, therefore, erred in refusing to grant a default judgment on the claim petition. In so contending, however, Claimant does not challenge the WCJ's credibility determinations that Dr. Cohn's testimony that he did not suffer from the

alleged silicosis was more credible than Dr. Hertz' conflicting testimony.[3]

Section 416 of the Act sets forth the consequences for failing to file timely answers to petitions as follows:

> Every fact in a claim petition not specifically denied by an answer so [timely] filed by an adverse party shall be deemed to be admitted by him. But the failure of any party or of all of them to deny a fact alleged in any other petition shall not preclude the workers' compensation judge before whom the petition is heard from requiring, of his own motion, proof of such fact. If a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, the workers' compensation judge hearing the petition shall decide the matter on the basis of the petition and evidence presented.

Under Section 416, therefore, the WCJ had discretion to require Quaker Alloy to prove its allegations in the petition for joinder and decide the petition based on Quaker Alloy's allegations and the evidence presented at the hearings, despite the late answer filed by CMI/Hayes. However, Section 416 does not authorize entry of a default judgment on the claim petition based on the late answer to other petitions.

To support his contention that the WCJ should have entered a default judgment on the claim petition, Claimant relies on *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board*, 56 Pa. Cmwlth. 1, 423 A.2d 1125 (1981).

Construing the phrase "evidence presented" in Section 416 as evidence pre-

**3.** This Court's scope of review in a workers' compensation case is limited to determining whether the WCJ's necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether

constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988).

sented "by the petitioner," this Court held in *Yellow Freight* that the employer was precluded from presenting evidence at the hearing due to its failure to file a timely answer to the claim petition without an adequate excuse, and that the claim petition should be decided based on the allegations in the petition and the evidence presented by the claimant. Unlike this matter involving the late answer to the petition for joinder, *Yellow Freight* involved the late answer to the *claim petition.* Contrary to Claimant's assertion, *Yellow Freight* does not stand for the proposition that the allegations in the claim petition are deemed to be admitted based on the late answer to the petition for joinder.

Even assuming *arguendo* that the holding in *Yellow Freight* is somehow applicable to the late answer to the petition for joinder, Claimant is still not entitled to a default judgment.

■ It is well established that a claimant has the burden of proving all the elements required for an award of workers' compensation benefits. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). An injury, to be compensable, must (1) arise in the course of employment and (2) be causally related thereto. *Brody v. Workmen's Compensation Appeal Board (Pennsylvania Public Utility Commission)*, 138 Pa.Cmwlth.456, 588 A.2d 575 (1991).

In *Greeley v. Workmen's Compensation Appeal Board (Matson Lumber Co.)*, 167 Pa.Cmwlth.209, 647 A.2d 683 (1994), *appeal granted*, 540 Pa. 607, 655 A.2d 994 (1995), decided subsequent to *Yellow Freight*, this Court held that an employer's failure to file a timely answer to a claim petition does not operate to automatically satisfy a claimant's burden of establishing entitlement to benefits. As this Court subsequently stated in *Dandenault v.*

*Workers' Compensation Appeal Board (Philadelphia Flyers, Ltd.)*, 728 A.2d 1001, 1005 (Pa.Cmwlth.1999):

> [A]n employer's failure to file a timely answer is not the equivalent to a default judgment. .... The WCJ's authority and discretion to determine the weight and credibility of evidence are not terminated merely because the employer is precluded from presenting evidence. .... [T]he WCJ remains duty bound to determine whether the totality of the evidence is legally sufficient to satisfy the claimant's burden. (Citations omitted.)

*See also Ghee v. Workmen's Compensation Appeal Board (University of Pennsylvania)*, 705 A.2d 487 (Pa.Cmwlth.1997), *appeal denied*, 555 Pa. 734, 725 A.2d 184 (1998) (the employer is precluded from presenting evidence only up to the last day that the answer was due).

■ Further, only the factual allegations are deemed to be admitted by the late answer; therefore, a conclusion of law, such as the question of whether the claimant's alleged disability is related to employment, is not deemed to be admitted based on the late answer to the claim petition. *D'Errico v. Workers' Compensation Appeal Board (City of Philadelphia)*, 735 A.2d 161 (Pa.Cmwlth.1999). Therefore, Claimant's contention that he was entitled to a default judgment based on the late answer to the petition for joinder must be rejected.

■ In this matter, Quaker Alloy filed the timely answer to the claim petition denying Claimant's allegations. Moreover, Quaker Alloy was the only employer potentially liable for Claimant's alleged disability before the WCJ granted the petition to join CMI/Hayes as an additional party and, at the same time, denied the

claim petition.[4] In finding that Claimant was not disabled due to the alleged work-related occupational disease, the WCJ rejected the testimony of Claimant and Dr. Hertz and instead accepted Dr. Cohn's conflicting testimony presented by Quaker Alloy. Therefore, Claimant failed to establish his entitlement to benefits. Hence, the WCJ's decision to deny the claim petition must be upheld.

Accordingly, the order of the Board is affirmed.

*ORDER*

AND NOW, this 17th day of May, 2002, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

4. Because the WCJ granted the petition for joinder but denied the claim petition at the same time, CMI/Hayes was not subject to 34 Pa.Code § 131.36(i), which provides:

 After joinder, the original petition shall be deemed amended to assert a claim of the claimant against an additional defendant. The additional defendant is liable to any other party as the [WCJ] orders. The additional defendant shall have the same rights and responsibilities under this chapter as the original defendant.