PIAD PRECISION CASTING and AIG Claims Services, Petitioners

v.

## WORKERS' COMPENSATION APPEAL BOARD (BOSCO), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 8, 2006.

Decided Dec. 28, 2006.

Publication Ordered April 27, 2007.

---

Jeffrey R. Wilson, Pittsburgh, for petitioner, PIAD Precision Casting.

Ronald J. Fonner, Greensburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, COHN JUBELIRER, Judge, KELLEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

PIAD Precision Casting (Employer) petitions for review of the order of the Workers' Compensation Appeal Board (Board) that reversed the decision of the Workers' Compensation Judge (WCJ) and granted the claim petition of Gary Bosco (Claimant) awarding him 260 weeks of benefits for his permanent hearing loss. The question presented is whether the Board erred in granting the claim petition on the basis that Employer's answer was untimely filed.

Claimant worked for Employer for 12 years and held many positions involving foundry work such as general laborer, caster and caster helper. Claimant's duties as a caster helper included assembling and disassembling molds and helping the caster fill molds with hot metal. He testified that he was exposed to loud noise from the induction units and air makeup unit while performing his job and that the noise from these units along with noise from the nearby gas ovens was constant and so loud that it was difficult to communicate with the caster.

In 1999 Claimant began to experience ringing in his ears, and he sought medical treatment and was prescribed medication. When Claimant's condition did not improve, he was referred to Dr. Kenneth F. Casey, a board-certified neurosurgeon. Claimant stopped working on October 21, 2001 due to his hearing problems, and he underwent intracranial microvascular decompression surgery on November 1, which was performed by Dr. Casey.

On August 20, 2003, Claimant filed his claim petition alleging a permanent loss of hearing in February 1999 due to prolonged exposure to high levels of noise without adequate ear protection. He sought total disability benefits from October 12, 2001 to the present.[1] Employer failed to file a timely answer and provided no excuse for its untimely answer. Claimant testified that he never experienced hearing problems as a child and that he had no problems with his hearing before working for Employer. He stated that his mother started wearing a hearing aid at age sixty-two and that his father and brother did not have hearing problems. Furthermore, he typically worked a 40–hour work week, he was not required to wear hearing protection and he did not wear hearing protection while performing his job because it hindered his ability to communicate with the caster.

Claimant presented the deposition testimony of Dr. Casey who first examined Claimant on September 26, 2001. Dr. Casey diagnosed Claimant with vascular compression of the eighth nerve causing tinnitus and possible hearing loss. Dr. Casey indicated that he performed surgery on Claimant and that his tinnitus improved, but his hearing loss did not improve. Also, the audiograms revealed that Claimant had a 99.4 percent binaural hearing impairment under the American Medical Association Guidelines for the Evaluation of Permanent Impairment (AMA Guidelines), and his hearing loss was worse in the right ear. Dr. Casey opined that the noise that Claimant was exposed to at work contributed to his hearing loss, but the doctor conceded that he could not determine how much of the work noise contributed to Claimant's hearing loss.

Employer presented the deposition testimony of Dr. Sidney Busis, board-certified in otolaryngology. Dr. Busis performed an independent medical examination of Claimant on January 12, 2004, obtained his

---

1. Claimant later amended the claim petition to reflect an injury date of October 12, 2001 and that he was only seeking benefits for loss of hearing.

medical history and reviewed his medical records as well as the results of noise studies performed at Employer's business. Dr. Busis testified that Claimant has a terrible hearing loss in both ears with a binaural hearing impairment calculated under AMA Guidelines of 94.7 percent. He noted that the December 1992 audiogram showed that Claimant had a binaural hearing impairment of zero percent with normal hearing in the right ear and a mild to moderate high tone loss in the left ear but that the November 1993 audiogram showed that Claimant had a very severe high frequency hearing loss. He concluded that occupational hearing loss does not work that way and that something else caused Claimant's sudden hearing loss. Dr. Busis opined that Claimant's hearing loss was not due to occupational noise exposure because occupational hearing loss does not get that bad.

The WCJ made the following relevant findings of fact:

Based upon the competent, credible and sufficient evidence of record, this Judge finds that the claimant has failed to sustain his burden of proving that he suffered a work-related injury in the form of occupationally induced hearing loss, greater than 10%, caused by long-term exposure to hazardous occupational noise. In so finding, this Judge has carefully considered all of the evidence presented by both parties, and finds that evidence presented by the employer to be more credible and persuasive.

In so finding, this Judge has first carefully considered the fact that in this particular case, the employer failed to file a timely Answer to the claimant's Petition. In accordance with the Act and applicable case law, this Judge is aware that when an employer fails to file a timely Answer, the factual allegations contained in the claimant's Petition are admitted as true, and the employer is barred from presenting any affirmative defenses or challenges to any of the factual allegations in the Petition. This Judge is also aware that the allegations of a well-pleaded Claim Petition can be legally sufficient to meet a claimant's burden of proof.

In reviewing the claimant's Petition, the claimant alleged that he sustained a "permanent loss of hearing" due to "prolonged exposure to high levels of noise, without adequate ear protection". The claimant did not allege a specific date of injury in his Petition, but did allege that his last date of employment was October 12, 2001. In reviewing the claimant's Petition, however, this Judge does not find that the allegations set forth in the Petition, standing on their own, are legally sufficient to meet the claimant's burden of proof.

To the contrary, in reviewing the Petition on its face, this Judge notes that the claimant alleged that he sustained a permanent loss of hearing, but failed to allege that his hearing loss was caused by long-term exposure to hazardous occupational noise, and that his percentage of binaural hearing loss was greater than 10%, a requirement under the Act for the claimant's permanent loss of hearing to be compensable. Having failed to adequately plead these critical factual allegations which are required to make his hearing loss compensable, the late filing of the employer's Answer did not relieve the claimant of his burden of proving that his hearing loss was, in fact, compensable.

In reviewing the testimony of the claimant's medical witness, Dr. Casey, this Judge finds that Dr. Casey credibly testified regarding the history of the claimant's hearing loss, and also credibly testified regarding the medical treatment

that the claimant has received for his hearing loss, including the surgery he performed on November 1, 2001....

This Judge also accepts as credible the testimony of Dr. Casey that the claimant has a binaural hearing impairment of 99.4% pursuant to the AMA Guidelines for the Evaluation of Permanent Impairment. However, as Dr. Casey acknowledged, he was unable to state what specific percentage of claimant's overall hearing impairment was related to occupational noise. To the contrary, Dr. Casey testified that the claimant's case involves risk factors other than exposure to work noise. In particular, he noted that the claimant suffers from hypercholesterolemia, and had undergone the compression of the eighth nerve as well. He described the compression and the hypercholesterolemia as being permissive factors in the claimant's loss of hearing. Not only was Dr. Casey unable to state what specific percentage of claimant's overall hearing impairment was related to occupational noise, he also failed to provide an opinion as to whether any percentage that could conceivably be related to occupational noise was, in fact, greater than 10%.

Under the particular facts as presented in this case, this Judge finds the testimony and opinions of the employer's medical witness, Dr. Busis, to be more credible and persuasive that the claimant's hearing loss, although tragic, is not characteristic of a loss caused by exposure to occupationally induced noise. In so finding, this Judge notes that Dr.

Busis performed a thorough examination of the claimant on January 12, 2004, and also performed a thorough review of the claimant's past medical records regarding his hearing loss....

WCJ Opinion, pp. 5–7. Concluding that Claimant failed to sustain his burden of proof, the WCJ denied the claim petition.

The Board reversed, determining that Claimant did not have the burden of establishing that his hearing loss was due to long-term exposure to hazardous occupational noise and that this was an affirmative defense that could be raised by Employer. It ruled that Employer was precluded from raising this affirmative defense due to its failure to timely file an answer. Citing to Section 306(c)(8)(iii) of the Workers' Compensation Act (Act)[2], the Board concluded that because the WCJ found the testimony of Dr. Casey credible that Claimant suffered a hearing impairment of 99.4 percent, Claimant's hearing loss was total and complete and benefits should be awarded for 260 weeks.[3]

Employer argues that the Board erred in finding that Claimant did not have the burden of proving that he suffered a compensable hearing loss. Employer contends that under Section 416 of the Act, 77 P.S. § 821, only factual allegations contained in the claim petition are deemed admitted with the filing of a late answer and that the burden remains upon Claimant to show that he suffered a compensable work injury, citing the decision in *Inglis House v.*

---

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(8)(iii). Section 306(c)(8)(iii) provides that if the binaural hearing impairment is equal to or greater than 75 percent, the impairment is presumed to be total and complete and benefits should be awarded for 260 weeks.

3. The Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether a practice or procedure of the Board was not followed or whether the findings of fact are supported by substantial evidence. *Select Security, Inc. v. Workers' Compensation Appeal Board (Kobrin),* 901 A.2d 1129 (Pa. Cmwlth.2006).

*Workmen's Compensation Appeal Board (Reedy),* 535 Pa. 135, 634 A.2d 592 (1993). Employer refers to Section 306(c)(8)(iii), which provides that in order for an occupational hearing loss to be compensable the hearing loss must be caused by long-term exposure to hazardous occupational noise and the percentage of binaural hearing loss must be greater than 10 percent. Employer asserts that Claimant failed to state in his claim petition the percentage of his hearing loss or whether it was caused by long-term exposure to hazardous occupational noise and that Dr. Casey's testimony was insufficient to meet Claimant's burden because he could not state what percentage of Claimant's overall hearing impairment was related to work noise.

Relying upon *Yellow Freight Sys., Inc. v. Workmen's Compensation Appeal Board,* 56 Pa.Cmwlth. 1, 423 A.2d 1125 (1981), Claimant responds that Employer is deemed to have admitted all factual allegations in the claim petition and that Employer should not have been allowed to present evidence that Claimant was not exposed to hazardous occupational noise. Claimant submits that the claim petition is sufficiently definite, that the WCJ should have deemed as admitted that a work-related hearing loss occurred and that Claimant only had to show that his hearing loss was greater than 10 percent. According to Claimant, he met his burden of proof because the WCJ accepted the testimony of Dr. Casey as credible that Claimant suffered a binaural hearing impairment of 99.4 percent.

■ Section 416 of the Act provides that when an employer fails to file a timely answer without an adequate excuse, all of the factual allegations in the claim petition are deemed admitted and the employer is precluded from presenting any evidence in rebuttal or as an affirmative defense with respect to those alleged facts. *See Rite Aid Corp. v. Workers' Compensation Appeal Board (Bennett),* 709 A.2d 447 (Pa. Cmwlth.1998). Therefore, the WCJ may only consider the factual allegations in the claim petition and any additional evidence presented by the claimant, *Merva v. Workers' Compensation Appeal Board (St. John the Baptist R.C. Church),* 784 A.2d 222 (Pa.Cmwlth.2001), and can decide the matter based solely on the allegations in the petition if those allegations entitle the claimant to compensation. *Rite Aid.* However, an employer's failure to timely file an answer "does not automatically satisfy the claimant's burden of proof." *Id.,* 709 A.2d at 449.

■ A claimant has the burden of establishing a right to compensation and proving all necessary elements to support an award in a claim petition proceeding. *Rite Aid.* When a claimant alleges a work-related hearing loss, the claimant must demonstrate that he or she suffers from a permanent hearing loss that is medically established as being work related. *Bucci v. Workers' Compensation Appeal Board (Rockwell Int'l),* 758 A.2d 279 (Pa.Cmwlth. 2000). Under Section 306(c)(8)(x) of the Act, the question of whether a claimant has been exposed to hazardous occupational noise or has had long-term exposure to such noise shall be raised as an affirmative defense by the employer. A claimant will be entitled to benefits if the level of binaural hearing impairment is greater than 10 percent. *See* Section 306(c)(8)(iii) of the Act.

■ Claimant alleged in his claim petition that he suffered a work-related "permanent" loss of hearing due to prolonged exposure to high levels of noise without adequate ear protection. These facts have been admitted by Employer due to its failure to timely file an answer. *Rite Aid.* Additionally, Claimant testified that the

noise of the air make-up unit, induction units and gas ovens was constant and very loud. Dr. Casey testified that Claimant suffered a binaural hearing loss of 99.4 percent, and he opined that the noise to which Claimant was exposed at work contributed to his hearing loss. Whether Claimant was exposed to long-term hazardous occupational noise was an affirmative defense that Employer was precluded from presenting to the claim petition. Section 306(c)(8)(x) of the Act. The Court concludes that the Board properly awarded benefits pursuant to Section 306(c)(8)(iii), and it accordingly affirms the order of the Board.

## ORDER

AND NOW, this 28th day of December, 2006, the Court affirms the order of the Workers' Compensation Appeal Board.