# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Ascencio, :
           Petitioner :
            :
        v. : No. 471 C.D. 2017
            : Submitted: July 28, 2017
Workers' Compensation Appeal :
Board (Commonwealth of :
Pennsylvania/Department of :
Corrections), :
           Respondent :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED: November 28, 2017**

James Ascencio (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed the order of a Workers' Compensation Judge (WCJ) after remand, determining the injury description was not well pled, and thus denying his claim petition. Claimant argues the WCJ's initial decision granting his claim petition based on his employer's default in failing to file a timely answer under Section 416 of the Workers' Compensation Act (Act)[1] should be reinstated. He asserts the description "injury to the heart from exertion" qualifies as a well-pled averment deemed admitted under <u>Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board</u>, 423 A.2d 1125 (Pa. Cmwlth. 1981). Upon review, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, <u>as</u> <u>amended</u>, 77 P.S. §821.

## I. Background

For approximately 17 years, Claimant worked for the Department of Corrections (DOC) at the State Correctional Institution at Fayette (Employer) as a corrections officer. He alleged he sustained a work injury in 2010 when "[he] and other officers rescued an inmate who [hung] himself, restrained the inmate, and carried him to the medical ward." Reproduced Record (R.R.) at 1a.

In 2013, Claimant filed a claim petition in which he alleged he "sustained an injury to his heart while exerting himself at work." Id. He sought benefits for a remote, closed period of disability from September 13, 2012, to March 25, 2013. Employer filed an untimely answer.

The WCJ held hearings where Claimant made a motion under Yellow Freight for the WCJ to deem the allegations in the claim petition admitted. Employer offered no excuse for its untimely filing.

Claimant testified on cross-examination only. His counsel objected to inquiries about the meaning of "injury to the heart." WCJ's Hr'g, Notes of Testimony (N.T.), 10/4/13, at 4-5. The WCJ sustained the objection. Id. at 5.

Relevant here, Claimant testified he underwent a cardiac stress test in 2012 (two years after the exertion incident at work). On examination by the WCJ, Claimant testified he had time off because of an injury to his heart. Id. at 10. He elaborated, "my heart was totally clogged up. My arteries were totally clogged up. They put me off duty immediately once they got the results of the stress test. They

2

said I could not work due to the stress and the physical physicality of my job." Id. As a consequence, Claimant had triple bypass surgery.

Initially, the respected WCJ granted the claim petition under Yellow Freight. WCJ Op., 12/18/13, Finding of Fact (F.F.) No. 11 (Initial Decision). He found:

> [C]laimant did, indeed, sustain a cardiac injury, that is an injury to his heart, while engaged in exertion in the course of his employment[;] this injury occurred on July 3, 2010[;] [C]laimant sustained his heart injury when he and other officers rescued an inmate who had tried to hang himself…[;] [and] this cardiac injury was sustained on [E]mployer's premises.

F.F. No. 12. He also specifically "found that [C]laimant incurred full (that is, total) disability for the period of September 13, 2012, to March 25, 2013, because of the work injury." F.F. No. 13 (emphasis added).

However, the WCJ exhibited considerable discomfort with his award of ongoing medical treatment for Claimant's cardiac injury. In his Conclusion of Law (C.L.) No. 5, the WCJ stated in part: "Employer does not, however, have liability for cardiac/heart ailments which are not causally connected to the cardiac claim awarded in this case. That cardiac injury is an 'injury to the heart,' and specifically that injury to the heart which occurred on July 3, 2010, and which thereafter led to disability for the period September 13, 2010 [sic] to March 25, 2013." In addition, the WCJ stated: "5. [sic] The precise pathology is not defined in this decision given the procedural default which led to entry of this decision and order. However, in the future, medical proofs that stand for the proposition that possible later-in-time cardiac events that have no causal connection to the July 3,

3

2010 injury are cognizable as supporting a potential 'no-causation' defense to future liability." C.L. No. 5 [sic].[2]

Employer appealed.

The Board clearly shared the WCJ's concern with "the lack of an injury description beyond injury to the heart." Bd. Op., 11/5/15, at 5 (Remand Order). The Board determined the allegation "injury to the heart" was not well-pled, such that Claimant did not meet his burden of proof. It reasoned that Claimant's testimony about his clogged arteries called into question the causal connection between the work incident and his injury. Accordingly, the Board remanded to the WCJ, directing him to accept additional evidence and make findings as to the sufficiency of the evidence. Specifically, it noted Claimant "must proffer such evidence to sustain his burden" so the WCJ may "render an appropriate determination based on not only the well-pled factual allegations, but on all competent evidence of record." Remand Order at 6.

On remand, the same WCJ held an additional hearing, where Claimant preserved his objection to the Board's Remand Order. Claimant did not submit additional evidence. However, Employer submitted a medical report of Dr. Jeffrey Garrett who examined Claimant in December 2015 (Employer's Medical Report).

Following the hearing, the WCJ denied the claim petition. After noting Claimant rested on the pleadings, he acknowledged the law of the case was that

---

[2] The Initial Decision includes two Conclusions of Law No. 5; references to the second are cited as "C.L. No. 5 [sic]," which represents Conclusion of Law No. 6.

4

"description of injury, [as] 'heart' does not constitute a well-pleaded allegation, legally sufficient to support a claim." WCJ Op., 6/10/16, F.F. No. 12 (Remand Decision). He concluded Claimant did not meet his burden of proof because he declined to submit additional evidence, such as medical opinions. The WCJ afforded no weight to Employer's Medical Report. F.F. No. 13. Claimant appealed.

The Board affirmed, reasoning that Claimant did not meet his burden of proving a work injury. It also finalized its Remand Order for appeal purposes.

Claimant petitioned for review to this Court, challenging the Remand Order. He seeks to reinstate the Initial Decision. Employer filed a notice of intervention, and filed a brief. This matter is now ready for disposition.

## II. Discussion

On appeal,[3] Claimant argues Employer was precluded from challenging the well-pled allegations in the claim petition because its answer was untimely. In support, he cites Yellow Freight. He contends the Initial Decision was consistent with Section 416 of the Act, and the deemed admissions thereunder. He asserts the injury description was well pled. In addition, he emphasizes Employer was not permitted to submit evidence to rebut deemed admissions.

Section 416 of the Act provides that "[i]f a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse,

---

[3] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger), 38 A.3d 1037 (Pa. Cmwlth. 2011).

5

the [WCJ] hearing the petition shall decide the matter on the basis of the petition <u>and evidence presented</u>." 77 P.S. §821 (emphasis added). The phrase "evidence presented" in Section 416 means only evidence presented by the claimant, not evidence presented by the employer.[4] <u>Yellow Freight</u>. Nonetheless, a claimant has no duty to present additional evidence of well-pled facts. <u>Hildebrand v. Workmen's Comp. Appeal Bd. (Fire Dep't/City of Reading)</u>, 532 A.2d 1287 (Pa. Cmwlth. 1987).

Under <u>Yellow Freight</u>, all well-pled facts are deemed admitted. However, such allegations must be legally sufficient to support the claim. <u>Greeley v. Workers' Comp. Appeal Bd. (Matson Lumber Co.)</u>, 647 A.2d 683 (Pa. Cmwlth. 1994). Legal conclusions and the legal effect of allegations are not admitted. <u>Bensing v. Workers' Comp. Appeal Bd. (James D. Morrissey, Inc.)</u>, 830 A.2d 1075 (Pa. Cmwlth. 2003). Further, an employer does not waive questions of law by failing to file a timely answer. <u>D'Errico v. Workers' Comp. Appeal Bd. (City of Phila.)</u>, 735 A.2d 161 (Pa. Cmwlth. 1999) (<u>en banc</u>). Causation is an element that requires a legal determination. <u>Dandenault v. Workers' Comp. Appeal Bd. (Phila. Flyers, Ltd.)</u>, 728 A.2d 1001 (Pa. Cmwlth. 1999).

Moreover, the failure to file a timely answer is not tantamount to a default judgment. <u>Heraeus Electro Nite Co. v. Workmen's Comp. Appeal Bd. (Ulrich)</u>, 697 A.2d 603 (Pa. Cmwlth. 1997) (<u>en banc</u>), <u>appeal dismissed</u>, 721 A.2d 1095 (Pa. 1999). Therefore, "an employer's failure to timely file an answer 'does

---

[4] However, an employer is only precluded from submitting evidence relating to a claimant's injury and disability through the deadline for filing a timely answer. <u>Heraeus Electro Nite Co. v. Workmen's Comp. Appeal Bd. (Ulrich)</u>, 697 A.2d 603 (Pa. Cmwlth. 1997) (<u>en banc</u>), <u>appeal dismissed</u>, 721 A .2d 1095 (Pa. 1999); <u>see also</u> <u>Ghee v. Workers' Comp. Appeal Bd. (Univ. of Pa.)</u>, 705 A.2d 487 (Pa. Cmwlth. 1997) (<u>en banc</u>).

not automatically satisfy the claimant's burden of proof.'" PIAD Precision Casting v. Workers' Comp. Appeal Bd. (Bosco), 922 A.2d 967, 972 (Pa. Cmwlth. 2006). A claimant still "has the burden of establishing a right to compensation and proving all necessary elements to support an award in a claim petition proceeding." Id.

Here, Claimant did not submit any evidence to support his claim, relying on the pleadings to satisfy his burden of proof. Hildebrand.

We consider whether the description of injury, "injury to the heart," qualifies as a well-pled fact that is legally sufficient to sustain the claim petition. In addition, Claimant bore the burden of showing a causal relationship between his overexertion in 2010 and the remote closed period between September 2012 and March 2013, for which he seeks workers' compensation.

**A. Well-Pled Injury Description**

In support of the legal sufficiency of his claim petition, Claimant relies on Hildebrand. There, the claimant alleged heart disease as a result of exposure to fumes, heat, smoke and gases as a firefighter. He alleged a specific disease, and the cause of the disease by a condition common to other firefighters performing their jobs. Significantly, the causal relationship between the injury, "heart disease," and the work conditions was clear. Id. at 1288. Further, in Hildebrand, there was no dispute as to causation, or to the legal sufficiency of the injury description. As a result, this Court did not consider the legal sufficiency of the allegations.

7

Here, by contrast, Employer challenged the legal sufficiency of the allegation "injury to the heart." Employer also disputed any causal relationship between the alleged work injury in 2010, and the need for triple bypass surgery in September 2012, more than two years later.

The "injury to the heart" allegation is, of itself, vague. Clearly, the description of the injury is not a medical diagnosis and, as recognized by the WCJ, no pathology is defined. Initial Decision, C.L. No. 5 [sic]. Not surprisingly, the WCJ struggled to explain the contours of the cardiac injury for which ongoing medical treatment was awarded. Id., C.L. No. 5.

The Claim Petition form itself distinguishes "injury" from "disease" and "illness." See R.R. at 1a (form inquiry nos. 1, 2, 3, 4, 6). Thus, by his specific averment of "injury," Claimant does not appear to plead a cardiac disease or illness. Id. However, the Claimant's testimony that his "arteries were totally clogged up" sounds similar to a disease allegation. N.T., 10/4/13 at 10.

Nevertheless, paired with an explanation of the circumstances, and tied to overexertion, the non-specific "injury" averment *could* be sufficient to qualify as a compensable injury depending on additional well-pled allegations or evidence. However, Claimant did not meet his burden here.

**B. Legal Sufficiency**

On his claim petition, Claimant bore the burden of proving all elements necessary to support an award of compensation. Heraeus. This includes proving his

8

injury arose in the scope of employment and is causally related thereto. See Section 301(c)(1) of the Act, 77 P.S. §411(1). Thus, Claimant had to relate the alleged work injury to the period for which he seeks compensation.

Here, despite the Board casting doubt as to the legal sufficiency of his allegations in its first opinion, Claimant elected to rely on his pleadings alone.

This Court holds that whether an injury is causally related to employment requires a legal determination. Neidlinger v. Workers' Comp. Appeal Bd. (Quaker Alloy/CMI, Int'l), 798 A.2d 334 (Pa. Cmwlth. 2002); Dandenault. Causation is an element essential to Claimant's claim petition that is incapable of being admitted by procedural default. D'Errico; Neidlinger.

Claimant did not allege sufficient additional facts from which the WCJ could discern causation between an "injury" at work and a remote period of disability. The pleadings allege Claimant suffered an "injury to the heart" in July 2010. R.R. at 1a (form inquiry 1). Claimant sought compensation for the closed period of September 12, 2012, to March 25, 2013. Id. (form inquiry 9). Thus, the pleadings evince a more than two-year gap between the single incident of exertion in July 2010, and his time off starting in September 2012.

The pleadings do not clearly state the "injury" caused the claimed period of disability. Rather, in response to the form inquiry: "9. Did the problem cause you to stop working?" Claimant checked the "Yes" box. R.R. at 2a (emphasis added). Important for our current disposition, despite an opportunity to offer more

9

detail as to the "problem" that caused Claimant to stop working, see id. (form inquiry No. 15), Claimant offered no further explanation to relate the overexertion in 2010 to the stress test results and "clogged arteries" that took him off work from September 2012 through March 2013. This significant gap between the alleged injury and the period of disability invites an explanation that does not appear in the claim petition.

Complicating the matter, in response to the WCJ's inquiries during the initial hearing, Claimant testified that he only learned his "arteries were totally clogged up" in 2012. N.T., 10/4/13, at 10. Thus, *Claimant* attributed his necessity for taking time off to his clogged arteries discovered after a cardiac stress test performed years after the alleged work injury. Stated differently, there is a conflict between the averment of a non-specific heart injury, as distinguished from a claim for heart disease or illness, and testimony that appears to involve heart disease.

Importantly, a causal relationship between an incident of overexertion in 2010 and triple bypass surgery in 2012 is not so obvious as to be clear to a layperson. Tobias v. Workmen's Comp. Appeal Bd. (Nature's Way Nursery, Inc.), 595 A.2d 781 (Pa. Cmwlth. 1991). In the absence of an obvious causal connection, a claimant may establish causation through unequivocal medical evidence. Cardyn v. Workmen's Comp. Appeal Bd. (Heppenstall), 534 A.2d 1389 (Pa. 1987).

Hildebrand illustrates that a claimant may establish the entirety of his claim without submitting medical evidence as to causation. We distinguish Hildebrand because, in that case, the well-pled allegations allowed a layperson to deduce a causal relationship between exposure to gas, smoke and fumes and heart

10

disease. Also notable, there, the legal sufficiency of the allegations was not before us as it is now. Id. at 1290 n.7 (noting employer did not challenge the "legal sufficiency of the allegations").

Further, in Hildebrand there was nothing vague about the injury description; therefore, unlike this case, there was no concern that in the future problems could arise identifying the injury for purposes of the ongoing medical treatment part of the award. The future problem of identifying the injury for purposes of ongoing medical treatment may be the clearest indicator that an injury description is not well-pled.

Claimant draws this Court's attention to no allegations in his claim petition that explain the relationship between the injury and the remote disability for which he seeks compensation. A claimant who relies *solely* on the well-pled allegations of his complaint, without an obvious causal relationship between the injury and disability, may do so at his peril.

In sum, we discern no error in the Board's Remand Decision when it determined, under the unique facts of this case, that Claimant's injury averment was not well-pled. As discussed above, there are several reasons for our conclusion. First, the injury description itself is vague, lacking any identified pathology. Second, Claimant pled a significant lapse of time between the injury and the onset of disability, resulting in a causation situation which would be beyond lay experience and training and would require expert evidence. Third, despite an opportunity to do so, Claimant did not plead any further explanation of his injury or of causation.

11

Fourth, as anticipated by the WCJ in his Initial Decision, there may be future problems identifying the pled heart injury for purposes of the ongoing medical treatment part of the award. Fifth, the Claimant offered testimony that may describe heart disease, as distinct from the heart injury pled in his claim petition.

## C. Employer's Medical Evidence

On remand, Claimant did not submit any evidence. In addition, Claimant did not, on his own motion, present additional evidence beyond the allegations in the claim petition. By failing to timely answer, Employer lost the opportunity to submit evidence to rebut any of the well-pled allegations. Heraeus.

However, we discern no well-pled allegations linking the work injury to the period of disability. Therefore, it would not have been error for the WCJ to accept competent evidence as to causation.

The WCJ did not afford Employer's Medical Report any weight for several reasons.[5] Therefore, its admission did not affect the result here.

## III. Conclusion

For the foregoing reasons, we affirm the Board.

_____
ROBERT SIMPSON, Judge

---

[5] Employer submitted Employer's Medical Report without any accompanying evidence as to the authoring physician's expertise or his experience. As a result, the WCJ was unable to assess the author's reliability. WCJ Op., 6/10/16, F.F. No. 13. Employer also did not make the author of the report available for cross-examination as though a trial deposition. In addition, the WCJ noted Employer's Medical Report constituted uncorroborated hearsay. Id.

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Ascencio,                        :
                    Petitioner        :
                                       :
        v.                             :    No. 471 C.D. 2017
                                       :
Workers' Compensation Appeal           :
Board (Commonwealth of                 :
Pennsylvania/Department of             :
Corrections),                          :
                    Respondent        :

# **O R D E R**

**AND NOW**, this 28th day of November, 2017, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge