**Robert D. MASON, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HILTI FASTENING SYSTEMS CORP.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 21, 1994.

Decided April 13, 1995.

William G. Cohen, for petitioner.

Roy F. Walters, Jr., and Rhonda A. Rudman, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Robert D. Mason (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order terminating Claimant's benefits.

In order to understand the issues raised by Claimant, it is necessary to review the facts and the procedural history of this case which date back to 1981. Claimant was employed by Hilti Fastening Corporation (Employer), as an account foreman when he sustained an injury to his lower back on February 3, 1981. However, because Employer provided Claimant with a modified position, which allowed him to continue to work without loss of wages, no compensation was paid. However, Claimant's position was eliminated on November 11, 1982, for economic reasons and, thereafter, he filed a claim petition.

On September 23, 1983, a hearing was conducted on the claim petition at which both Claimant and Employer presented expert medical testimony. Claimant presented the testimony of Dr. Gerald Weiner who testified that Claimant sustained a lumbosacral strain which aggravated a birth defect involving his spine; he stated that Claimant was totally disabled by that injury. Employer presented the testimony of Dr. James B. Medlock, who opined that, while Claimant suffered from a work-related lumbosacral strain, Claimant had fully recovered from that inju-

ry by January 21, 1983. The referee adopted the testimony of Dr. Weiner and granted Claimant benefits.

On May 19, 1986, Employer filed a petition to terminate Claimant's benefits [1] and, after a hearing, the referee terminated Claimant's benefits effective February 21, 1986. Claimant appealed that decision to the Board, asserting, *inter alia,* that the referee incorrectly stated in his findings of fact that Claimant never testified in his own behalf. The Board agreed with Claimant and reasoned that, because the referee erroneously stated in his findings of fact that Claimant never testified in his own behalf, the referee may not have considered Claimant's testimony. The Board, on February 14, 1990, vacated and remanded the case for a new hearing.

In accord with the Board's remand order, the referee conducted a new hearing on October 26, 1990. Employer presented the testimony of Dr. Donald L. Zimmerman, who opined that Claimant completely recovered from his work injury on the date he examined him, February 21, 1986. Dr. Zimmerman noted that Claimant had spinal problems caused by a birth defect and that any restrictions on Claimant's work activities were caused by the birth defect and not by the work injury. He further opined that Claimant could return to work without any limitations or restrictions. Claimant presented the testimony of Dr. Gerald Weiner, who opined that Claimant suffered from a congenital spinal defect that limited Claimant's ability to return to work because of the work-related injury, and he opined that it was not possible to separate the disability caused by the congenital defect from the disability caused by the work injury. By an interim order on November 2, 1990, the referee granted Employer a supersedeas and suspended Claimant's benefits.

The referee accepted Dr. Zimmerman's testimony as credible, and rejected Dr. Weiner's testimony to the extent that it was inconsistent with Dr. Zimmerman's testimony. Based on Dr. Zimmerman's testimony, the referee held that Claimant had completely recovered from his injury and that all Claimant's disability had ceased, and, therefore, terminated Claimant's benefits.

Claimant appealed the referee's order to the Board, which affirmed the referee's decision to terminate Claimant's benefits. The Board, however, modified the referee's order to grant Claimant benefits for a closed period following its earlier remand order. The Board reasoned that, because it vacated the referee's first termination order and remanded the case for a new hearing, Claimant's benefits should have been reinstated as of the date of the remand, February 14, 1990, and continued until the date of the supersedeas, November 2, 1990. This appeal followed.

Claimant contends on appeal that (1) Dr. Zimmerman's testimony that Claimant recovered by January 23, 1983, was barred by res judicata or collateral estoppel, because he agreed with Dr. Medlock, who testified in the hearing on the claim petition and whose testimony was rejected in that proceeding, (2) Employer did not meet its burden of proving that Claimant's condition changed since the referee's previous decision, (3) the referee erred in denying attorney's fees to Claimant, and (4) the Board erred in modifying the referee's order to reinstate benefits as of the date of the Board's remand order, instead of the date on which Claimant's benefits were first terminated on December 16, 1988.

We will first consider Claimant's contention that Dr. Zimmerman's testimony is barred by res judicata or collateral estoppel. Claimant argues that Dr. Zimmerman's testimony is barred because he agreed with Dr. Medlock's testimony, introduced in the claim petition hearing, that Claimant recovered from his work injury in 1983. In essence, Claimant asserts that Employer is simply relitigating the position taken by Dr. Medlock, which had been rejected, via Dr. Zimmerman's testimony, in the present termination proceeding.

■ Res judicata is a principle of law that precludes the relitigation of issues decid-

---

1. Employer had previously filed a termination petition on March 21, 1984, which was denied by a referee on May 16, 1985.

ed in a prior valid judgment in any future suit between the parties on the same cause of action. For res judicata to apply, four conditions must exist:

(1) Identity in the thing sued upon or for;

(2) Identity of the cause of action;

(3) Identity of the persons or parties to the action;

(4) Identity of the quality of or capacity of the parties suing or sued.

*Patel v. Workmen's Compensation Appeal Board (Sauquoit Fibers Co.)*, 88 Pa.Commonwealth Ct. 76, 79, 488 A.2d 1177, 1179 (1985). On the other hand, the doctrine of collateral estoppel operates to preclude the relitigation of issues of fact or law determined in a prior proceeding. Under that doctrine, factual and legal determinations are conclusive between the parties in a subsequent action involving different causes of action only to issues that "(1) are identical; (2) were actually litigated; (3) were essential to the judgment ... and (4) were material to the adjudication." *Id.* at 81, 488 A.2d at 1179.

■ Contrary to Claimant's argument, neither res judicata nor collateral estoppel are applicable in this case. Claimant is seeking to bar medical testimony introduced in a *termination proceeding*, because that expert stated that he agreed with a medical opinion that was introduced in a *claim proceeding*. Hence, res judicata cannot apply here, since a claim proceeding and a termination proceeding are separate and distinct causes of action. *See Buchanan v. Workmen's Compensation Appeal Board (Mifflin County School District)*, 167 Pa.Commonwealth Ct. 335, 648 A.2d 99 (1994), *petition for allowance of appeal denied*, 539 Pa. 682, 652 A.2d 1326 (1994).

■ Furthermore, collateral estoppel has no bearing in this appeal, since the issues in the two proceedings are not identical. In the claim petition hearing, the issue was whether Claimant was entitled to benefits and Dr. Medlock's testimony was produced by Employer as a defense to demonstrate that Claimant had recovered from his work-related injury *as of January 21, 1983*, limiting Claimant's entitlement to benefits to a closed period of time. In the termination petition, however, the issue was whether Claimant had fully recovered from his disability *as of February 21, 1986*, and Dr. Zimmerman's testimony was introduced to prove that fact. *Robinson v. Workmen's Compensation Appeal Board (Lindsey)*, 139 Pa. Commonwealth Ct. 82, 589 A.2d 778 (1991) (collateral estoppel did not preclude the introduction of medical evidence in a termination hearing, even though that same evidence was originally introduced in a claim petition hearing and rejected as not credible, because the issues in the two proceedings were not identical). Additionally, we note that Dr. Zimmerman's opinion that Claimant had recovered was based on his own examination of the Claimant, not on Dr. Medlock's opinion. In fact, Dr. Zimmerman discussed Dr. Medlock's testimony only after Claimant's counsel asked him a question on cross-examination about that testimony. Therefore, we hold that this contention is without merit.

■ Claimant argues that Dr. Zimmerman's testimony is barred under our Supreme Court's decision in *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993). In *Hebden*, our Supreme Court held that an employer was precluded from relitigating, via a petition to terminate or modify benefits, a prior determination that a claimant suffered from an occupational disease, when that disease was determined to be irreversible. The Supreme Court also stated that, when a claimant produces evidence showing that his or her medical condition is unchangeable and progressive, the burden shifts to the employer to present rebuttal evidence.

Claimant asserts that, because Claimant's expert, Dr. Weiner, testified consistently since the claim petition hearing that Claimant's disability was "permanent," Employer had an obligation under *Hebden* to prove that Claimant's work-related injury is reversible. We disagree. Our examination of the record reveals that Dr. Weiner never explicitly testified that Claimant's injury was irreversible, and, further, Dr. Weiner's statements that Claimant's disability is permanent is not, in

our view, the equivalent of testifying that Claimant's injury is irreversible. Moreover, Employer did not attempt in the termination proceeding to relitigate the original medical diagnosis underlying the award of benefits to Claimant, but was only seeking to prove that Claimant's disability had ceased subsequent to the referee's award. *Cook v. Workmen's Compensation Appeal Board (Gould, Inc.)*, 164 Pa.Commonwealth Ct. 73, 642 A.2d 1149 (1994) (employer seeking the termination of a claimant's benefits for a previously adjudicated work-related disability stemming from a herniated disc, did not violate the *Hebden* rule by merely presenting expert testimony showing all disability arising from that injury had ceased).

 Next, Claimant contends that the Employer failed to sustain its burden of proving that Claimant's condition had changed after benefits were first granted. In a termination petition, the employer has the burden of proving that a claimant's disability has ceased. *Gallo v. Workmen's Compensation Appeal Board (United Parcel Service)*, 95 Pa.Commonwealth Ct. 158, 504 A.2d 985 (1986). In the instant case, Employer presented expert testimony in support of its termination petition showing that Claimant's disability had ceased on February 21, 1986; the referee accepted that testimony and found as fact that Claimant had fully recovered from his work-related injury. Therefore, Employer sustained its burden of proving that it was entitled to have Claimant's benefits terminated.[2]

 Claimant also contends that the referee erred in failing to award him attorney's fees under Section 440 of the Workers' Compensation Act,[3] 77 P.S. § 996. A claimant is eligible for attorney's fees under Section 440 when the *claimant prevails* and the employer's contest was unreasonable. *Nortim, Inc. v. Workmen's Compensation Appeal Board (Rolick)*, 150 Pa.Commonwealth Ct. 196, 615 A.2d 873 (1992). In the instant case, Employer prevailed and, obviously, had a reasonable basis for challenging Claimant's right to continue to receive benefits. Therefore, the referee correctly determined that Claimant was ineligible for attorney's fees.

 Last, Claimant contends that the Board erred in modifying the referee's order to reinstate his benefits from February 14, 1990, the date the Board remanded the case to the referee, to November 2, 1990, the date on which the referee granted Employer a supersedeas. Claimant argues that the Board should have, instead, ordered his benefits reinstated as of December 16, 1988, the date on which the referee circulated the first decision granting Employer's termination petition. We agree. An order of the Board vacating a referee's order and remanding the case for further findings of fact has the effect of reinstating a notice of compensation payable issued before the referee's decision or, as in this case, a prior decision granting a claimant benefits. *Kurtz v. Allied Corp.*, 127 Pa.Commonwealth Ct. 384, 561 A.2d 1294 (1989). Hence, Claimant's benefits should have been reinstated by the Board as of the date the referee first terminated Claimant's benefits, in this case, December 16, 1988. There is no authority supporting the Board's holding that Claimant's benefits should be reinstated on the date it vacated the order; using that date results in Claimant being deprived of benefits for more than one year. Accordingly, we will modify the Board's order to grant Claimant benefits for the closed period of December 16, 1988 to November 2, 1990.[4]

---

**2.** Claimant nebulously argues that Employer has been repeatedly presenting the same medical testimony since it litigated the claim petition and, for that reason, did not prove that Claimant's condition changed. That argument, however, is contradicted by the record. In the termination petition at issue in this appeal, Employer presented the testimony of Dr. Zimmerman, who did not previously testify for Employer at the claim petition hearing or at the hearing involving Employer's March 21, 1984 termination petition. (See footnote 1 *supra*.) Further, Dr. Zimmerman's opinion that Claimant had fully recovered was based on an examination of Claimant he conducted on February 26, 1986, shortly before the Employer filed its termination petition. Thus, this argument must fail.

**3.** Act of June 2, 1915, P.L. 736, *as amended.*

**4.** Employer argues that its due process rights would be violated if the Court ordered the Board's order modified to reinstate benefits on December 16, 1988. Employer asserts that such an order would deny it an opportunity to be

Accordingly, the Board's order affirming the referee's order terminating Claimant's benefits is affirmed. The Board's order is modified, however, to reinstate Claimant's benefits from December 16, 1988, to November 2, 1990.

### ORDER

NOW, April 13, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned is affirmed insofar as it upheld the referee's order terminating Robert D. Mason's benefits. The Board's order is modified to reinstate Mason's benefits from December 16, 1988, to November 2, 1990.

heard on that issue. Employer, however, is obligated to pay Claimant benefits from December 16, 1988, to November 2, 1990, because of the initial decision granting Claimant benefits, which was reinstated by the Board's order vacating the first termination order. Employer clearly had an opportunity to be heard on the initial decision. Further, Employer did not appeal the Board's order reinstating Claimant's benefits from February 14, 1990, to November 2, 1990.