# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edwin Smith,                       :
              Petitioner       :
                               : No. 933 C.D. 2023
       v.                      :
                               : Submitted: December 9, 2024
Giant Eagle, Inc. (Workers'       :
Compensation Appeal Board),    :
              Respondent     :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE STACY WALLACE, Judge

***OPINION NOT REPORTED***

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                             **FILED: January 10, 2025**

Edwin Smith (Claimant) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ) in favor of Giant Eagle, Inc. (Employer). On appeal, Claimant generally contends the WCJ's decision was unreasonable and violated the law of the case doctrine and Employer did not prove his benefits should be terminated. After review, we affirm.

## I. BACKGROUND[1]

In early 2018, Claimant, a 77-year-old diabetic butcher, injured his lower back while lifting a box of beef ribs out of Employer's freezer. Employer issued a medical-only notice of compensation payable for a lumbar strain. Because Claimant believed he was unable to work, he filed a claim petition.

---

[1] Unless otherwise stated, we state the background based on the WCJ's and Board's decisions, which are supported by substantial evidence. *See* WCJ Op., 11/30/22; Bd. Op., 8/2/23, WCJ Op., 1/31/20.

At the subsequent 2018 and 2019 hearings, Claimant and the parties' medical experts testified. Employer's medical experts (Drs. William Abraham and Marco Alcala) opined that Claimant had fully recovered from his lumbar strain and that Claimant's limited mobility was due to his preexisting diabetes. WCJ Op., 1/31/20, ¶¶ 16, 20. In reaching his opinion, Dr. Abraham had relied on a September 2018 test by Dr. Dennis Mateya. The WCJ rejected their opinions, reasoning that Claimant remained totally disabled from his work injury. The WCJ also rejected Dr. Alcala's testimony because he was not an endocrinologist, which specializes in blood disorders, such as diabetes. Thus, the WCJ granted Claimant's claim petition.

In September 2020, Claimant had an independent medical examination (IME). As a result, Employer petitioned to terminate Claimant's benefits, reasoning that Claimant had fully recovered from his work injury based on the IME. The WCJ held several hearings, at which Claimant testified live and the parties presented the trial depositions of their respective medical experts.

The parties did not dispute that Claimant has limited mobility. Rather, they disputed whether Claimant's limited mobility was due to his preexisting diabetes or his work injury. For example, Claimant testified that unlike before his work injury, he suffers from chronic pain and limited mobility. Claimant's medical experts, Drs. William Gillott and Michael Toshok, similarly testified that Claimant's limited mobility was unrelated to his diabetes. In contrast, Employer's medical expert, Dr. Thomas Kramer (not an endocrinologist), testified that Claimant had fully recovered from his work injury and that Claimant's age and diabetes caused his limited mobility. Dr. Kramer relied on, *inter alia*, Dr. Mateya's test in reaching his opinion. The parties also disputed the import of a particular case. *See* Bd.'s Op. at 8 (citing *Lewis v. Workers' Comp. Appeal Bd. (Giles & Ransome, Inc.)*, 919 A.2d 922

2

(Pa. 2007)).

The WCJ granted Employer's petition to terminate, and Claimant timely appealed, challenging the "entire record," and alleging several errors of law. The Board affirmed, although it suggested that the WCJ should have presented a "more complete summary" of the medical evidence supporting the WCJ's credibility determinations. *Id.* at 7. Claimant timely appealed to this Court.

## II. ISSUES

Claimant raises six issues, which we have reordered and combined to facilitate disposition. First, Claimant contends that under *Lewis*, Employer's doctors improperly recharacterized his injury at the termination proceeding. Claimant's Br. at 8. Second, Claimant asserts the WCJ was bound by her prior findings based on the *res judicata* and the law of the case doctrines. *Id.* at 8-9. Third, Claimant argues that the WCJ did not issue a reasoned decision based on the sufficiency and weight of the evidence. *Id.* at 9. Last, Claimant maintains he did not waive any issues by generally challenging the "entire record" in his notice of appeal to the Board. *Id.* at 9.

## III. DISCUSSION[2]

### A. *Lewis*

Claimant contends that *Lewis* barred Dr. Kramer from recharacterizing Claimant's work injury that was established in the initial claim petition proceeding. Claimant's Br. at 23. Claimant reasons that the WCJ should have rejected Dr. Kramer's opinion for two reasons. First, Dr. Kramer's opinion was identical to Dr.

---

[2] Our review is limited to determining "whether there has been a violation of constitutional rights, whether errors of law have been committed, whether board procedures were violated, or whether necessary findings of fact are supported by substantial evidence." *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019) (*Bryn Mawr*) (citation omitted). We must read all decisions against their facts. *Maloney v. Valley Med. Facilities, Inc.*, 984 A.2d 478, 485-86 (Pa. 2009).

3

Abraham's opinion at the claim proceeding, which the WCJ had rejected. *Id.* at 24. Second, the WCJ had rejected Dr. Alcala's testimony at the claim proceeding because he was not an endocrinologist. Thus, Claimant reasons that the WCJ should have similarly rejected Dr. Kramer's testimony at the termination proceeding on the same grounds. *Id.* Employer disagrees, reasoning that *Lewis* applies only when there is a prior termination petition and the instant petition was Employer's first such petition. Emp.'s Br. at 30.

In *Lewis*, the employer unsuccessfully filed three petitions to terminate benefits before succeeding with its fourth petition. *Lewis*, 919 A.2d at 929. Per the Court, in support of its fourth petition, the employer's medical expert "recharacterized [the claimant's] injuries in a manner inconsistent with the prior adjudications." *Id.* Our Supreme Court held that to terminate benefits, the employer "must show a change in [the claimant's] physical condition since the preceding disability adjudication." *Id.* at 929; *accord id.* at 925 (rejecting jurisprudence suggesting that an employer "need not show an actual change in [the claimant's] physical condition" before filing a termination petition).

Instantly, Employer filed a single petition to terminate, unlike the *Lewis* employer. *Cf. Lewis*, 919 A.2d at 929. On that basis alone, *Lewis* is distinguishable. *See id.*; *Maloney*, 984 A.2d at 485-86. In any event, Employer complied with *Lewis* by challenging only whether Claimant had recovered from his lumbar strain, *i.e.*, whether Claimant's physical condition had changed since the WCJ granted Claimant's claim petition. Dr. Kramer did not "recharacterize" Claimant's lumbar strain injury. Instead, the parties contested whether a purported *symptom* of Claimant's injury, *i.e.*, his limited mobility, was due to Claimant's lumbar strain or diabetes. In early 2020, the WCJ held that Claimant's limited mobility was caused

by his then-*existing* lumbar strain. In 2022, the WCJ held that Claimant had fully recovered from that lumbar strain. As for Claimant's current, limited mobility, the WCJ credited testimony that it was due to his diabetes and advanced age.

### B. *Res Judicata* and the Law of the Case Doctrine

Next, Claimant asserts that at the claim proceeding, Dr. Abraham (Employer's doctor) unsuccessfully relied on Dr. Mateya's test in opining that Claimant had fully recovered from his lumbar strain and that his limited mobility was unrelated to his strain. Claimant's Br. at 27-28. Claimant contends that at the termination proceeding, Dr. Kramer (Employer's doctor) similarly relied on Dr. Mateya's test. *Id.* Because the WCJ rejected Dr. Abraham's testimony, Claimant argues the WCJ should also have rejected Dr. Kramer's testimony. *Id.* Relatedly, Claimant reasons that because the WCJ had rejected Dr. Alcala's testimony at the claim proceeding because he was not an endocrinologist, the WCJ should also have rejected Dr. Kramer's testimony at the termination proceeding because he was not an endocrinologist. *Id.* Claimant thus opines that under either *res judicata* or the law of the case doctrines, the WCJ should have been bound by its earlier, favorable factual determinations. *Id.* at 27-31.

Employer counters that *res judicata* and the law of the case doctrines do not apply. Emp.'s Br. at 32-38. Employer argues *res judicata* requires a prior WCJ adjudication. *Id.* at 32-33. Employer emphasizes that unlike a claim proceeding, the only issue before the WCJ in this termination proceeding was whether Claimant had fully recovered from his lumbar strain. *Id.* at 33-34. Nevertheless, per Employer, the WCJ properly opined that Claimant's limited mobility was due to his preexisting diabetes and not his lumbar strain. *Id.*

Employer similarly reasons that the law of the case doctrine does not

apply because the only issue in the termination proceeding was whether Claimant recovered from his lumbar strain. *Id.* at 35-36. Employer thus opines that Claimant's arguments grounded in the Dr. Mateya test and endocrinology have no bearing on whether Claimant fully recovered. *Id.* Regardless, Employer reasons, doctors are competent to testify in areas outside of their specialty. *Id.* at 36-37.

*Res judicata* "bars actions on a claim, or any part of a claim, which was the subject of a prior action, or could have been raised in that action." *In re Coatesville Area Sch. Dist.*, 244 A.3d 373, 378 (Pa. 2021) (*Coatesville*) (citations omitted). Four elements "must be present for *res judicata* to apply: an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued." *Id.* at 379 (cleaned up).[3]

For example, at the claim proceeding, the employer's doctor (doctor one) opined that the claimant had fully recovered from his injury, which the WCJ rejected. *Mason v. Workmen's Comp. Appeal Bd. (Hilti Fastening Sys. Corp.)*, 657 A.2d 1020, 1021-22 (Pa. Cmwlth. 1995) (citation omitted). Several years later, at the employer's successful termination proceeding, the employer's doctor (doctor two) agreed with doctor one's opinion that the claimant had fully recovered. *Id.* at 1022. On appeal, the claimant argued that because doctor two agreed with doctor one's opinion, doctor two's testimony was barred. *Id.* Essentially, the claimant asserted

---

[3] In workers' compensation matters, generally, in a claim proceeding, a claimant "bears the burden of proving all elements necessary to support an award, including the existence of an injury and disability and a causal relationship between the work-related injury and the alleged incident." *Sw. Airlines/Cambridge Integrated Serv. v. Workers' Comp. Appeal Bd. (King)*, 985 A.2d 280, 286 (Pa. Cmwlth. 2009). In contrast, to prevail "in a termination petition, an employer bears the burden of proving by substantial evidence that a claimant's disability ceased, or any remaining conditions are unrelated to the work injury." *Westmoreland Cnty. v. Workers' Comp. Appeal Bd. (Fuller)*, 942 A.2d 213, 216 (Pa. Cmwlth. 2008).

that the employer was relitigating "the position taken by" doctor one, which the WCJ rejected, in the termination proceeding. *Id.* The *Mason* Court disagreed because "a claim proceeding and a termination proceeding are separate and distinct causes of action," and thus, *res judicata* does not apply. *Id.* at 1023 (citation omitted).

Collateral estoppel similarly "bars re-litigation of an issue that was decided in a prior action . . . ." *Coatesville*, 244 A.3d at 379 (citations omitted). The factual issue of whether an injury occurred differs from the factual issue of whether a claimant has fully recovered from an injury. *Mason*, 657 A.2d at 1023 (reasoning that "collateral estoppel did not preclude the introduction of medical evidence in a termination hearing, even though that same evidence was originally introduced in a claim petition hearing and rejected as not credible, because the issues in the two proceedings were not identical" (citation omitted)). In *Mason*, doctor one's testimony was presented to establish that the claimant had fully recovered prior to a date certain and doctor two's testimony was presented to prove that the claimant had fully recovered three years later. *Id.*

Instantly, as the *Mason* Court observed, *res judicata* requires identical issues. *Id.* at 1023. Because a claim proceeding differs from a termination proceeding, Claimant cannot invoke *res judicata*. *See id.* Similarly, Claimant cannot invoke collateral estoppel. To paraphrase *Mason*, the doctrine would not bar the introduction of Dr. Kramer's testimony at a termination proceeding *even if it was identical* to the testimony presented and rejected at Claimant's claim proceeding. *Id.* Identical to *Mason*, Employer's doctor at the *claim* proceeding relied on Dr. Mateya's test to opine that Claimant had fully recovered at that time and that his limited mobility was due to his diabetes. *See id.* As in *Mason*, the WCJ rejected such testimony as not credible. *See id.* Like *Mason*, Employer's doctor at the

7

*termination* proceeding similarly relied on Dr. Mateya's test to reach the same conclusion as of 2022, and the WCJ credited the testimony. *See id.* For these reasons, like the *Mason* Court, we also reject Claimant's invocation of the *res judicata* and collateral estoppel doctrines.

## C. Evidentiary Challenges and the WCJ's Decision

Next, Claimant contends that Dr. Kramer was not competent to testify based on several perceived evidentiary conflicts. Claimant's Br. at 18-21. For example, Claimant reiterates Dr. Kramer's statement that he had a "history of uncontrolled diabetes," which Claimant refutes by citing his testimony that he controls his diabetes with diet and exercise. *Id.* at 19. In Claimant's view, because Dr. Kramer's opinion was based on false or inaccurate medical information, Employer did not meet its evidentiary burden in a termination proceeding. *Id.* at 18. Claimant reasons that because of Dr. Kramer's faulty testimony (which should have been barred under *res judicata* or collateral estoppel), the WCJ did not issue a reasoned decision. *Id.* at 31.

Employer disagrees, reasoning that Claimant is challenging the weight of the evidence and not Dr. Kramer's competency. Emp.'s Br. at 26, 37. Further, because the Board was able to conduct its appellate review, Employer asserts that the WCJ issued a reasoned decision. *Id.* at 38-39. Per Employer, the WCJ summarized the experts' testimony and explained her credibility determinations adverse to Claimant. *Id.* at 26-29, 39-41. To the extent that Claimant raises claims about his history of diabetes, Employer emphasizes that Claimant's work injury was a lumbar strain. *Id.* at 26-29.

Generally, the WCJ acts as the "exclusive arbiter of credibility." *IA Constr. Corp. v. Workers' Comp. Appeal Bd. (Rhodes)*, 139 A.3d 154, 161 (Pa. 2016)

(cleaned up). A WCJ faced with conflicting evidence "must adequately explain the reasons for rejecting or discrediting competent evidence." Section 422(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, 77 P.S. § 834. The WCJ thus must issue a "reasoned decision[] so that this Court does not have to imagine the reasons why a WCJ finds that the conflicting testimony of one witness was more credible than the testimony of another witness." *Amandeo v. Workers' Comp. Appeal Bd. (Conagra Foods)*, 37 A.3d 72, 76 (Pa. Cmwlth. 2012).

When a witness has testified in person, a "mere conclusion as to which witness was deemed credible . . . could be sufficient to render the [WCJ's] decision adequately reasoned." *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, 828 A.2d 1043, 1053 (Pa. 2003) (cleaned up). In contrast, when parties have introduced deposition testimony into the record, the WCJ must articulate "the actual objective basis for [the WCJ's] credibility determination" in order for the decision to be "adequately reasoned." *Id.*

With respect to the "actual objective basis," "there are countless objective factors which may support the [WCJ's] decision to accept certain evidence while rejecting or discrediting conflicting testimony." *Id.* (cleaned up). For example, "other evidence in the record may provide the objective support necessary" to explain the WCJ's credibility determinations when presented with conflicting deposition testimony. *Amandeo*, 37 A.3d at 76. A WCJ contrasting the description of the claimant's injuries provided by (1) the claimant's doctors, with (2) the employer's doctors is sufficient "actual objective basis." *Id.*

Instantly, the WCJ observed Claimant's live testimony and reviewed it along with the reports and trial deposition transcripts of each party's medical experts. WCJ's Op. at 6-7. The WCJ credited the testimony of Employer's witnesses. *Id.* at

9

7-8 (accepting "as credible Dr. Kramer's opinion that the claimant's inability to move around without assistance is related to his" diabetes and not from his lumbar strain). The WCJ similarly explained why she rejected the testimony of Claimant's witnesses. *Id.* at 8. Given that over two years had passed, and in conjunction with other evidence, the WCJ opined that Claimant had fully recovered from his lumbar strain. Accordingly, the WCJ provided an adequate basis for her reasoned decision. *See* 77 P.S. § 834; *Amandeo*, 37 A.3d at 76. Relatedly, any perceived deficiencies or discrepancies in Dr. Kramer's testimony goes to the weight of his testimony, and this Court does not reweigh conflicting testimony. *See IA Constr.*, 139 A.3d at 161; *Huddy v. Workers' Comp. Appeal Bd. (U.S. Air)*, 905 A.2d 589, 593 n.9 (Pa. Cmwlth. 2006) (*en banc*) (holding that "the fact that a medical expert does not have all of a claimant's medical records goes to the weight given the expert's testimony, not its competency" (cleaned up)). We thus discern no error with the Board's assessment of the WCJ's credibility findings and holding that the WCJ issued a reasoned decision.[4]

## D. Waiver

Last, when asked to identify the WCJ's findings of fact that he was appealing, Claimant stated he was appealing "the entire record." Claimant's Br. at 36-39. Claimant disputes waiving any challenge to the WCJ's factual findings because the Board sufficiently addressed his legal issues. *Id.* at 37-38. In response, Employer explains that by appealing "the entire record" without specifying the findings of fact, Claimant waived any issues not addressed by the Board. Emp.'s Br. at 42-43. Because (1) Claimant's notice of appeal to the Board identified five

---

[4] Although the Board expressed that it would have appreciated a "more complete summary" of the record, the Board did not remand as it held the WCJ's opinion complied with Section 422(a) of the Act, 77 P.S. § 834. Bd.'s Op. at 7.

issues, which the Board resolved, and (2) Claimant challenges only the Board's disposition of those issues before this Court, we decline to find waiver. *See generally Station Square Gaming L.P. v. Pa. Gaming Control Bd.*, 927 A.2d 232, 240 (Pa. 2007); *Dobransky v. Workers' Comp. Appeal Bd. (Continental Baking Co.)*, 701 A.2d 597, 600 (Pa. Cmwlth. 1997).

## IV. CONCLUSION

Accordingly, we affirm the Board.


_____
**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edwin Smith,                                    :
                 Petitioner               :
                                       :   No. 933 C.D. 2023
                 v.                        :
                                         :
Giant Eagle, Inc. (Workers'                     :
Compensation Appeal Board),                     :
                 Respondent               :

# **O R D E R**

AND NOW, this 10th day of January, 2025, we AFFIRM the August 2, 2023 order of the Workers' Compensation Appeal Board.

_____
**LORI A. DUMAS, Judge**