IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Campbell,                          :
                          Petitioner        :
                                            :
                    v.                      :
                                            :
Workers' Compensation Appeal                :
Board (City of Philadelphia),               :       No. 1385 C.D. 2016
                          Respondent        :       Submitted: January 13, 2017


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                 FILED: June 28, 2017


          Lawrence Campbell (Claimant) petitions this Court for review of the

Workers' Compensation (WC) Appeal Board's (Board) July 26, 2016 order affirming

the Workers' Compensation Judge's (WCJ) decision denying Claimant's Claim

Petition (Claim Petition) and Petition for Penalties (Penalty Petition).  The sole issue[1]

before this Court is whether the Board misinterpreted Section 301(f) of the WC Act

(Act),[2] 77 P.S. § 414, to require Claimant to file his Claim Petition within 300 weeks

in order to claim benefits under Section 108(r) of the Act, 77 P.S. § 27.1(r).[3]  After

review, we affirm.

_____

    [1] Claimant also presented the issue of whether the discovery rule extends the time that
Claimant had to file the Claim Petition.  However, because the second issue is subsumed in the
analysis of the first, we have combined the issues herein.
    [2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.1, 2501-2708.
    [3] Sections 301(f) and 108(r) of the Act were added by Section 1 of the Act of July 7, 2011,
P.L. 251.

Claimant was employed by the City of Philadelphia (Employer) as a firefighter from January 8, 1968 until he retired in September 2003. On August 6, 2012, Claimant filed his Claim Petition seeking lost wages due to full disability from September 20, 2002 to October 17, 2002, plus medical benefits arising from his work injury, described as prostate cancer. *See* Certified Record (C.R.) Item 1. Claimant stated therein that Employer was notified of his disease by the August 6, 2012 Claim Petition filing. C.R. Item 1 at 2. Employer denied Claimant's allegations and raised various affirmative defenses. *See* C.R. Item 3. On October 12, 2012, Claimant filed his Penalty Petition claiming that Employer violated Section 131.61 of the Department of Labor and Industry's (Department) Regulations, 34 Pa. Code § 131.61 (relating to pre-hearing exchange of information). *See* C.R. Item 6.

WCJ hearings were held on November 6, 2012, March 6, May 14, August 27 and October 29, 2013 and November 3, 2014. By February 19, 2015 decision, the WCJ denied the Claim Petition and the Penalty Petition. The WCJ ruled that Claimant did not provide timely injury notice, did not prove that his cancer was caused by his employment, and did not meet his burden of proof on the Penalty Petition. Claimant appealed to the Board.[4] On July 26, 2016, the Board determined that Claimant timely notified Employer of his work injury, but ultimately upheld the WCJ's denial of the Claim Petition "because the WCJ did not accept Claimant's medical expert's opinion that his occupational exposures were a substantial contributing factor in the development of his prostate cancer, he could not meet his burden of proof." Board Op. at 26 n.16. Claimant appealed to this Court.[5]

---

[4] Claimant only appealed from the WCJ's determination on the Claim Petition.

[5] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

Initially,

> [a]n injured employee seeking to obtain workers' compensation benefits for a work-related injury bears the burden of proving all elements necessary to support an award. Pursuant to Section 301(c)(1) of the Act, 77 P.S. § 411(1), an employee's injuries are compensable if they (1) arise in the course of employment and (2) are causally related thereto.

*Amandeo v. Workers' Comp. Appeal Bd. (Conagra Foods)*, 37 A.3d 72, 75 n.4 (Pa. Cmwlth. 2012) (citation omitted). Section 301(c)(2) of the Act provides, in relevant part:

> The terms '**injury**,' 'personal injury,' and 'injury arising in the course of his employment,' as used in this [A]ct, **shall include** . . . **occupational disease as defined in [S]ection 108 of this [A]ct**: Provided, That whenever occupational disease is the basis for compensation, for disability or death under this [A]ct, it **shall apply only to disability** or death resulting from such disease and **occurring within three hundred weeks**[6] **after the last date of employment**[7] in an occupation or industry to which he was exposed to hazards of such disease[.]

77 P.S. § 411(2) (emphasis added). Section 108 of the Act defines the term "occupational disease" to include "(r) [c]ancer suffered by a firefighter which is

---

[6] "Three hundred weeks is the equivalent of five years, nine months and one week." *City of McKeesport v. Workers' Comp. Appeal Bd. (Miletti)*, 746 A.2d 87, 89 n.5 (Pa. 2000).

[7] The Pennsylvania Supreme Court has declared:

> Although Section 301(c)(2) [of the Act] references the employee's 'last date of employment,' 77 P.S. § 411(2), . . . the 300-week period begins on **the last day of employment-based exposure to the hazard**. *See Sporio v.* [*Workmen's Comp. Appeal Bd.*] *(Songer Constr.),* . . . 717 A.2d 525 [] ([Pa.] 1998); *Cable v.* [*Workmen's Comp. Appeal Bd.*] *(Gulf Oil/Chevron USA),* . . . 664 A.2d 1349 [] ([Pa.] 1995) (plurality).

*Tooey v. AK Steel Corp.*, 81 A.3d 851, 870 n.6 (Pa. 2013) (emphasis added); *see also Farr v. Workers' Comp. Appeal Bd. (TRW, Inc.)*, 823 A.2d 1043, 1046 (Pa. Cmwlth. 2003) ("[t]he three-hundred week period prescribed in [Section 301(c)(2) of] the Act is measured from the last date of exposure to the hazard alleged to cause the disease, not from the last date of employment").

3

caused by exposure to a known carcinogen which is recognized as a Group 1 carcinogen by the International Agency for Research on Cancer [(IARC)]." 77 P.S. § 27.1.

> Section 301(f) [of the Act] sets forth three requirements that a firefighter-claimant must show to establish a claim under Section 108(r) [of the Act]: (i) the claimant worked for four or more years in continuous firefighting duties, (ii) the claimant had direct exposure to a carcinogen classified as Group 1 by the IARC, and (iii) the claimant passed a physical examination prior to engaging in firefighting duties that did not reveal evidence of cancer. 77 P.S. § 414. In addition, as we explained in *City of Philadelphia Fire Department v. Workers' Compensation Appeal Board (Sladek)*, 144 A.3d 1011 (Pa. Cmwlth. 2016) (*en banc*)[8], the claimant must establish that the cancer contracted by the claimant is a type of cancer 'caused by' exposure to the Group 1 carcinogen to which the claimant was exposed in the workplace. *Id.* at 1021 (quoting 77 P.S. § 27.1(r)); *see also Hutz v. Workers' Comp*[.] *Appeal B*[d.] *(City of Phila*[.]*)*, 147 A.3d 35 [] (Pa. Cmwlth. [2016]). **Only once the claimant makes these showings, is he entitled to the rebuttable presumption of compensability set forth in Section 301(f) and Section 301(e) of the Act**.[FN]3 *Hutz*, 147 A.3d at 50; *Sladek*, 144 A.3d at 1021.

>> [FN]3 Section 301(e) of the Act, added by Act of Oct. 17, 1972, P.L. 930, 77 P.S. § 413, which is applicable to occupational disease cases generally, provides: 'If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, **it shall be presumed that the employe's occupational disease arose out of and in the course of his employment**, but this presumption shall not be conclusive.'

*Fargo v. Workers' Comp. Appeal Bd. (City of Phila.)*, 148 A.3d 514, 516 (Pa. Cmwlth. 2016) (emphasis added). Accordingly, this Court has held that

---

8 The Pennsylvania Supreme Court granted a petition for allowance of appeal on March 1, 2017 at Docket No. 405 EAL 2016 (transferred to Docket No. 13 EAP 2017).

4

the **presumption of causation in Section 301(e) of the Act relieves the firefighter of the need to prove his workplace exposure** rather [than] some other reason caused his cancer. If the firefighter can establish four years of continuous service and the absence of cancer prior to that service, he is entitled to compensation under Section 301(f) [of the Act].

*Hutz*, 147 A.3d at 50 (emphasis added).

Section 301(f) of the Act further provides:

Notwithstanding the limitation under [Section 301](c)(2) [of the Act] with respect to disability or death resulting from an occupational disease having to occur within three hundred weeks after the last date of employment in an occupation or industry to which a claimant was exposed to the hazards of disease, **claims filed pursuant to cancer suffered by the firefighter under [S]ection 108(r) [of the Act] may be made within six hundred weeks after the last date of employment** in an occupation or industry to which a claimant was exposed to the hazards of disease. **The presumption** provided for under this subsection **shall only apply to claims made within the first three hundred weeks.**

77 P.S. § 414 (emphasis added).

Claimant argues that the Board misinterpreted Section 301(f) of the Act to require that he file his Claim Petition within the 300-week occupational disease manifestation period in order to gain the rebuttable presumption of compensability under Section 301(e) of the Act. Specifically, Claimant contends that he is entitled to the presumption since "[w]hen Sections 301(c)(2) and 301(f) [of the Act] are read together, . . . the 300[-]week period for manifestation of an occupational disease is extended to 600 weeks for firefighters diagnosed with cancer." Claimant Br. at 20. Claimant further maintains that the discovery rule extended the time that he had to file the Claim Petition.[9] We disagree.

---

[9] The discovery rule 'is a judicially[-]created tenet of statutory construction applicable to statutes of limitation[] which operates to

The WCJ found: "While Claimant filed his Claim Petition within 600 weeks of his last date of employment, and therefore within the statute of limitations, the [Claim] Petition was not filed within the first 300 weeks. As such, Claimant would not be entitled to the presumption under Section 301(f) of the [Act]" that his prostate cancer was related to his employment as a firefighter. WCJ Dec. at 20, Finding of Fact (FOF) 20. The Board agreed. *See* Board Op. at 22.

Recently, in *Capaldi v. Workers' Compensation Appeal Board (City of Philadelphia)*, 152 A.3d 1107 (Pa. Cmwlth. 2017),[10] *Demchenko v. Workers' Compensation Appeal Board (City of Philadelphia)*, 149 A.3d 406 (Pa. Cmwlth. 2016),[11] *Fargo*,[12] *Sladek*,[13] and *Hutz*,[14] this Court analyzed and rejected the same arguments Claimant presents here.[15] In those decisions, this Court declared:

> Section 301(f) [of the Act] sets forth a two-tiered limitations period for Section 108(r) claims distinct from the time limit in Section 301(c)(2) [of the Act]. First, **a claimant must file the claim within 300 weeks of the last date of work with exposure to a known Group 1 carcinogen; if the claimant fails to do so, he is not**

---

> toll the running of a statute where the existence of a cause of action cannot reasonably be ascertained within the prescribed time.'
> *Levenson v. Souser*, 557 A.2d 1081, 1086 (Pa. Super. 1989) (citations omitted).

*Capaldi v. Workers' Comp. Appeal Bd. (City of Phila.)*, 152 A.3d 1107, 1116 n.13 (Pa. Cmwlth. 2017).

[10] *Capaldi* involved a firefighter vocal cord cancer claim.

[11] Filed October 26, 2016 (firefighter prostate cancer claim). Even more recently, this Court issued *Szymanski v. Workers' Compensation Appeal Board (City of Phila.)* (Pa. Cmwlth. No. 494 C.D. 2016, filed February 14, 2017) (firefighter prostate cancer claim), and *Lucas v. Workers' Compensation Appeal Board (City of Sharon)* (Pa. Cmwlth. No. 2606 C.D. 2015, filed December 20, 2016) (firefighter prostate cancer claim), in which this Court decided nearly identical issues as those presented here.

[12] Filed October 11, 2016 (firefighter various cancer claims).

[13] Decided August 12, 2016 (firefighter prostate cancer claim).

[14] Filed September 7, 2016 (firefighter melanoma claim).

[15] The claimant's counsel in each of those cases was Michael G. Dryden, Esquire, who represents Claimant in the instant matter.

**foreclosed from bringing a claim by Section 301(f) [of the Act], but he loses the statutory presumption of Sections 301(e) and 301(f) [of the Act].** However, if the claimant does not file the claim until more than 600 weeks after the date of last workplace exposure, the claimant is foreclosed from bringing that claim in its entirety.[16]

*Fargo*, 148 A.3d at 520 (emphasis added). Moreover, "in *Sladek*, *Hutz*[,] *Demchenko*[, and *Capaldi*,] . . . [this Court] determined[, *inter alia*,] . . . that the discovery rule[] applicable to the three-year statute of limitations in Section 315 of the Act,[17] does not extend those respective filing periods in Section 301(f) [of the Act]." *Lucas v. Workers' Comp. Appeal Bd. (City of Sharon)* (Pa. Cmwlth. No. 2606 C.D. 2015, filed December 20, 2016), slip op. at 13;[18] *see also Fargo*; *Szymanski v. Workers' Comp. Appeal Bd. (City of Phila.)* (Pa. Cmwlth. No. 494 C.D. 2016, filed February 14, 2017).

Here, Claimant filed his Claim Petition on August 6, 2012. Even assuming, *arguendo*, that Claimant retired effective September 30, 2003, and he was

---

[16] As in *Hutz* and *Fargo*, Claimant here argues:

> The plain language of Section 301(f) [of the Act] does not require the **filing of a petition** as found by the [Board] and WCJ. Since [the claimant] **was diagnosed** with [cancer] within 300 weeks of his last carcinogen exposure at work, the decision to deny [the claimant] the rebuttable presumption of compensability . . . is not supported by the plain language of Sections 301(c)(2), 301(f) and 108(r) of the Act.

Claimant Br. at 18 (emphasis added). However, relying on the *Hutz* Court's reasoning which is based upon the final sentence of Section 301(f) of the Act, the *Fargo* Court declared "that **it is the date of filing that is determinative** in Section 301(f) [of the Act] rather than the date that the disability manifests[.]" *Fargo*, 148 A.3d at 520; *see also Szymanski* ("Whereas Section 301(c)(2) [of the Act] simply requires the disability to 'occur[]' or manifest, the plain language of Section 301(f) [of the Act] requires the claim be 'made,' that is filed.") Slip op. at 6; *Lucas*. Accordingly, because we are bound by *stare decisis*, Claimant's identical argument here must be rejected.

[17] 77 P.S. § 602. Section 315 of the Act states, in relevant part: "In cases of personal injury all claims for compensation shall be forever barred, . . . unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof." 77 P.S. § 602.

[18] This Court's unreported memorandum opinions may be cited "for [their] persuasive value, but not as a binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

7

exposed to a Group 1 carcinogen on that day, because his claim was filed nearly 462 weeks[19] later, the WCJ and the Board properly concluded that although Claimant was "not foreclosed from bringing a claim . . . , [] **he [lost] the statutory presumption of Sections 301(e) and 301(f) [of the Act**]." *Fargo*, 148 A.3d at 520 (emphasis added). Accordingly, in order for Claimant to qualify for WC benefits, Claimant had the burden of proving his prostate cancer "ar[o]se in the course of employment and . . . [is] causally related thereto." *Amandeo*, 37 A.3d at 75 n.4; *see also* FOF 21.

The law is well established that "[t]he WCJ is the ultimate factfinder and has exclusive province over questions of credibility and evidentiary weight." *Univ. of Pa. v. Workers' Comp. Appeal Bd. (Hicks)*, 16 A.3d 1225, 1229 n.8 (Pa. Cmwlth. 2011). "The WCJ, therefore, is free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses." *Griffiths v. Workers' Comp. Appeal Bd. (Red Lobster)*, 760 A.2d 72, 76 (Pa. Cmwlth. 2000). Neither the Board nor the Court may reweigh the evidence or the WCJ's credibility determinations. *Sell v. Workers' Comp. Appeal Bd. (LNP Eng'g)*, 771 A.2d 1246 (Pa. 2001). Specifically, "Section 422(a) [of the Act, 77 P.S. § 834,] does not permit a party to challenge or second-guess the WCJ's reasons for credibility determinations. [Thus, u]nless made arbitrarily or capriciously, a WCJ's credibility determinations will be upheld on appeal."[20] *Pa. Uninsured Emp'rs Guar. Fund v. Workers' Comp. Appeal Bd. (Lyle)*, 91 A.3d 297, 303 (Pa. Cmwlth. 2014) (quoting *Dorsey v. Workers' Comp. Appeal Bd. (Crossing Constr. Co.),* 893 A.2d 191, 195 (Pa. Cmwlth. 2006)).

---

[19] Precisely, 461 weeks and 6 days.

[20] Capricious disregard "occurs only when the fact-finder deliberately ignores relevant, competent evidence." *Williams v. Workers' Comp. Appeal Bd. (USX Corp.-Fairless Works)*, 862 A.2d 137, 145 (Pa. Cmwlth. 2004). Capricious disregard, by definition, does not exist where, as here, the WCJ expressly considered and rejected the evidence. *Id*. Claimant does not assert that the WCJ made her credibility determinations arbitrarily or capriciously.

In the instant case, the WCJ, as factfinder, found the testimony of Employer's medical experts on causation more credible than the testimony of Claimant's medical experts. *See* FOFs 22-24. Claimant's sole contention is that the Board erred by upholding the WCJ's ruling that Claimant was not entitled to the causation presumption. Accordingly, because it is clear as a matter of law that Claimant was not entitled to the presumption and, thus, had the burden of proving causation but failed to do so, the Board properly affirmed the WCJ's decision.

Based on the foregoing, the Board's order is affirmed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Campbell,                                     :
                 Petitioner                :
                                    :
                   v.                   :
                                    :
Workers' Compensation Appeal                          :
Board (City of Philadelphia),                         :    No. 1385 C.D. 2016
                  Respondent                :

## O R D E R

AND NOW, this 28th day of June, 2017, the Workers' Compensation Appeal Board's July 26, 2016 order is affirmed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lawrence Campbell,              :
          Petitioner      :
                       :
       v.               :
                       :
Workers' Compensation Appeal  :
Board (City of Philadelphia),    :   No. 1385 C.D. 2016
          Respondent   :   Submitted: January 13, 2017


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE COSGROVE            FILED: June 28, 2017


       For the reasons noted in my dissenting opinion in *Szymanski v. Workers' Comp. Appeal Bd. (City of Philadelphia)*, (Pa. Cmwlth. No. 494 C.D. 2016, filed February 14, 2017), 2017 WL 582736, I must dissent here as well. In both cases, firefighters are denied the presumptive benefits outlined in Act 46[1] because their cancers were not detected within 300 weeks of their last carcinogenic exposure during their employment. As I was unable to agree with the *Szymanski* majority's refusal to apply the discovery rule to the situation in that case, I likewise cannot join the present majority.

---

[1] Act of June 2, 1915, P.L. 77 P.S. §§ 414, *added by* Section 2 of the Act of July 7, 2011, P.L. 251.

Cancer does not operate on a legislative calendar. It works its evil in its own insidious way, planting itself in the body like a terror cell, waiting to explode. It is well understood that firefighters work in a cauldron of carcinogens. Which particular spray of dust, or fume, or inhalant causes which particular kind of cancer a firefighter may suffer is something difficult (if not impossible) to discern. Accordingly, the legislature adopted Act 46 to provide these first responders with a particular form of protection, allowing work-related presumption if the cancer claim is made within 300 weeks of exposure. Our Supreme Court has repeatedly advised that "the [discovery] rule is an equitable one, which excludes the period of time during which the injured party is reasonably unaware that an injury has been sustained so that people in that class have essentially the same rights as those who suffer an immediately ascertainable injury." *Dalrymple v. Brown*, 701 A.2d 164 (Pa. 1997). Relevant in the civil context, this rule should be applied with equal force (and under the same parameters) to circumstances such as those in this case. The present majority's failure to agree, as in *Szymanski*, requires my dissent.

_____
JOSEPH M. COSGROVE, Judge

JMC-2