IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tisho Ann John,                          :
                    Petitioner           :
                                         :
          v.                             :
                                         :
10400 Roosevelt Operating LLC            :
d/b/a Saint John Neumann Center          :
for Rehabilitation and Healthcare        :
(Workers' Compensation Appeal            :
Board),                                  :     No. 1453 C.D. 2022
                    Respondent           :     Submitted:  October 10, 2023


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  October 31, 2023


          Tisho Ann John (Claimant), pro se, petitions this Court for review of

the Workers' Compensation (WC) Appeal Board's (Board) October 5, 2022 order

affirming the WC Judge's (WCJ) decision that denied Claimant's Claim Petition for

WC benefits (Claim Petition).  Claimant presents one issue for this Court's review:

whether the WCJ's decision was well reasoned and supported by substantial,

competent record evidence.[1]  After review, this Court affirms.

---

[1] In her Statement of Questions Involved, Claimant also stated the following issue:
"Whether the WCJ's April 11, 2022 [d]ecision [d]enying the Claim Petition contains errors of law
and does not conform to provisions of the [WC] Act [][, Act of June 2, 1915, P.L. 736, *as amended*,
77 P.S. §§ 1-1041.4, 2501-2710,] or [T]he [Pennsylvania] Occupational Disease Act[, Act of June
21, 1939, P.L. 566, *as amended*, 77 P.S. §§ 1201-1603.]"  *See* Claimant Br. at 3.  Because
Claimant's first issue encompasses the WC Act, and this case does not involve The Pennsylvania
Occupational Disease Act, this Court need only address Claimant's first issue.

On December 20, 2019, Claimant filed the Claim Petition alleging that she was injured in the course of her employment as a licensed practical nurse with St. John Neumann Center for Rehabilitation and Healthcare (Employer) on November 24, 2019. In the Claim Petition, Claimant further alleged that she suffered injuries to her head, neck, and left shoulder, including a concussion and cervical radiculopathy, when she fainted and/or fell to the floor. Claimant sought temporary total disability benefits from November 24, 2019, and ongoing. Employer denied the material allegations of Claimant's Claim Petition. Thereafter, the parties agreed to Employer's submitted Statement of Wages, which established Claimant's average weekly wage of $400.32.

The WCJ held hearings on January 21, February 25, May 28, August 27, and December 4, 2020, and May 10 and August 27, 2021. On April 11, 2022, the WCJ denied Claimant's Claim Petition. Claimant appealed to the Board. On October 5, 2022, the Board affirmed the WCJ's decision. Claimant appealed to this Court.[2] On February 6, 2023, Claimant filed a Motion to Compel in this Court, seeking to supplement the Certified Record with additional evidence. By March 3, 2023 Memorandum and Order, this Court denied Claimant's Motion to Compel. On March 7, 2023, Claimant filed a Motion to Reconsider this Court's March 3, 2023 Memorandum and Order (Motion to Reconsider). On March 9, 2023, Claimant filed a Motion to Stay with Supporting Documentation for the Reconsideration Motion (Motion to Stay). On March 31, 2023, Claimant filed a Motion to Review Claimant's Medical Treatment Records by Commonwealth Court submitted as a part

---

[2] "[This Court's] review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated." *Hutchinson v. Annville Twp. (Workers' Comp. Appeal Bd.)*, 260 A.3d 360, 364 n.8 (Pa. Cmwlth. 2021), *appeal denied*, 279 A.3d 1180 (Pa. 2022) (quoting *Gienic v. Workers' Comp. Appeal Bd. (Palmerton Hosp.)*, 130 A.3d 154, 159-60 n.1 (Pa. Cmwlth. 2015)).

of Reproduced Record (Motion to Review). By April 26, 2023 Memorandum and Order, this Court denied Claimant's Motion to Reconsider, Motion to Stay, and Motion to Review.[3]

Claimant argues that the WCJ erred by crediting only one witness, Employer's witness Bryan DeSouza, M.D. (Dr. DeSouza), and discrediting her witness. Claimant contends the WCJ's crediting of witnesses is the result of a WC insurance attorney bribing her attorney and Josephin Sokowski (Sokowski), the certified nursing assistant who testified on Employer's behalf. Claimant declares that the WCJ's findings of fact, therefore, are not supported by substantial evidence, and the WCJ's decision is not reasoned. Employer rejoins that it was well within the WCJ's discretion to reject Claimant's testimony and her medical expert's testimony and opinions as not credible, and to find Employer's fact witness and medical expert's testimony and opinions credible. Employer further retorts that the WCJ, as the fact-finder, fully explained his credibility determinations and findings in a well-reasoned decision, which findings are supported by the substantial evidence of record and cannot be disturbed.

---

[3] On May 10, 2023, Claimant filed a Motion to Consider Claimant's Certified Records from the Board Sent to this Court by PAC File System as Evidence, and a Motion for Loss of Consortium and Justice for American Soldier SSG John Dominic US Army, Military Spouse's Spinal Cord Work-Place Injury (Applications for Relief). On May 19, 2023, Employer filed a Response to Claimant's Applications for Relief (Response). Claimant filed a Reply to Employer's Response. By June 2, 2023 Memorandum and Order, this Court struck Claimant's Applications for Relief and Claimant's Reply to Employer's Response as unauthorized by Pennsylvania Rule of Appellate Procedure (Rule) 2547 (subsequent and untimely applications will not be received). *See* Pa.R.A.P. 2547. On June 2, 2023, Claimant filed a Motion to Fix the Error in this Court's June 2, 2023 Memorandum and Order, and on June 3, 2023, Claimant filed a Motion to Stay and Reconsider this Court's June 2, 2023 Memorandum and Order (collectively, Motions). On June 13, 2023, Employer filed its Answer to the Motions. On June 17, 2023, Claimant filed a Sur-Reply to Employer's Answer (Sur-Reply). By June 23, 2023 Memorandum and Order, this Court struck Claimant's Motions and Sur-Reply as unauthorized under Rule 2547.

Claimant testified before the WCJ that she was working the overnight shift on November 24, 2019, and asked her supervisor if she could leave early because she was not feeling well. Claimant explained: "It was around [four] o'clock I felt like fainted [sic], maybe because of my period." Certified Record (C.R.) at 218.[4] She described that, at about 4:45 a.m., Claimant's supervisor said Claimant could leave after repositioning a patient. Claimant stated that she told her supervisor she could not do it alone, so the supervisor assisted her. Claimant continued: "After I positioned the patient I passed out[,] . . . [w]hen I opened my eyes, I was laying [sic] on the floor [] - on my back." C.R. at 220.

Claimant presented Nirav Shah, M.D.'s (Dr. Shah) February 25, 2021 deposition,[5] wherein he related, in relevant part:

> Q. Okay. So the accident [was] November 24, 2019. When did you first see [Claimant]?
>
> A. When I first saw [Claimant], it was February 7th, 2020.
>
> Q. Okay. So can you go --- let's go through your notes from that date and then moving forward.
>
> A. Yes. So on that --- on that particular day, she did give me the history similar to what she had given to the others in that she had a fall. She had a fall while at work. Again, I did not get the history that she tripped over anything and **my understanding is that she had fainted**. Ultimately, the fall did occur on November 24th, 2019.

C.R. at 341 (emphasis added).

Employer presented Dr. DeSouza's January 22, 2021 deposition,[6] wherein he testified, in pertinent part:

---

[4] Because the pages of the Certified Record are not numbered, this Court refers to electronic pagination for the page numbering herein.

[5] *See* C.R. at 339-357; *see also* C.R. at 25-27 (WCJ Dec. at 5-7).

[6] *See* C.R. at 439-504; *see also* C.R. at 27-28 (WCJ Dec. at 7-8).

Q. Doctor, based on what [Claimant] had personally told you, based on the physical examination that you performed on [Claimant,] as well as all of those records that you had reviewed as part of this examination[,] did you form an opinion as to whether [Claimant] sustained a work-related injury on November 24th of 2019?

A. She was involved in a work-related incident that was **a fainting event which I felt was related to a menstrual headache**.

 . . . .

Q. So, Doctor, just to repeat that. Based obviously on the history, the physical examination you performed, the records that you reviewed, did you come to an opinion as to whether [Claimant] sustained a work-related injury on November 24th of 2019?

A. No. **She did not suffer an injury related to work**. My opinion to a reasonable degree of medical certainty is [**Claimant**] **did not have a work-related injury**. I felt that **she had a syncopal related to her menstrual headache**.

C.R. at 466-467 (emphasis added).

Dr. DeSouza expounded:

Q. It looks [sic] you kind of set forth your rationale about your opinion on page nine of your report under Impression. So if you could just let the [WCJ] know what was the rationale of this opinion?

A. It was based upon the information that I gleaned in the records. [Claimant] had lowered herself to the pad when she was laying [sic] near the bed on the floor and **she did not directly hit her head and she did not sustain any injury to the head, the neck, the back, the shoulders or any other extremity**. I pointed out that in reviewing the records **there was a discrepancy between what was witnessed and what was reported at the urgent care center when she was complaining of musculoskeletal pain**. And in my thorough neurological evaluation, my physical exam, **I did not find any evidence of any concussion or post-concussion syndrome**. **I did not**

5

**find any evidence of head trauma. I did not find any evidence of any cervical radiculopathy or lumbar radiculopathy. And I could not find any clinical evidence to support symptoms or claims of a radiculopathy.** I did notice that there were complaints of chronic problems with tingling in her hand which had been evaluated by her primary care doctor prior to the work-related incident.

C.R. at 467-468 (emphasis added).

Employer also presented Sokowski, who testified:[7]

Q. Okay. [Claimant] has alleged that she fell on the floor on November 24, 2019. Did you see her fall on the floor on that date?

A. No, because she did not fall. She swayed into - to the pad and was laying [sic] on the floor, near the resident [sic] bed.

Q. You said there was a pad there?

A. Yes, there was a pad that we put for the patient, that falled [sic], for protection. They are like four to five inches, and they got a sponge in the middle. Just in case, God forbid, they would fall or something, they wouldn't get hurt.

Q. Did . . . you said she swayed, did she fall and hit her head, or the left side of her body?

A. No, she - she swayed and fell - and not fell, but like laid down straight to the ground on that bed, on - on her arm.

Q. Okay.

A. And laying [sic] on her[] side, you know.

Q. All right. And [Claimant] testified, she said that she lost consciousness and then she woke up. Did you see her lose consciousness?

---

[7] *See* C.R. at 283-292; *see also* C.R. at 28-29 (WCJ Dec. at 8-9).

6

A. No.

C.R. at 285-286.

Finally, Employer presented Sokowski's statement written on the day of the incident,[8] wherein she described that, on November 24, 2019, she followed Claimant into room 712, and after being shown how to flush an I.V., Claimant suddenly "wobbled, and lowered herself to the pad, which was laying [sic] near the bed on the floor." C.R. at 532. Sokowski further related that a nurse said that they would call emergency so that she could go to the hospital, but Claimant said to call her husband who, thereafter, arrived and took Claimant home.

> "It is well established that the WCJ is the ultimate fact[-]finder and is empowered to determine witness credibility and evidentiary weight. The WCJ, therefore, is free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses." *Griffiths v. Workers' Comp. Appeal Bd. (Red Lobster)*, 760 A.2d 72, 76 (Pa. Cmwlth. 2000). In a substantial evidence challenge,
>
> > it is irrelevant whether the record contains evidence to support findings other than those made by the WCJ; the critical inquiry is whether there is evidence to support the findings actually made. . . . We review the entire record to determine if it contains evidence a reasonable mind might find sufficient to support the WCJ's findings. . . . If the record contains such evidence, the findings must be upheld even though the record contains conflicting evidence.
>
> *Lahr Mech. v. Workers' Comp. Appeal Bd. (Floyd)*, 933 A.2d 1095, 1101 (Pa. Cmwlth. 2007) (citations omitted). This inquiry requires that we "view the evidence in the light most favorable to the prevailing party and give [that party] the benefit of all inferences reasonably deduced from the evidence." *Edwards v. Workers' Comp. Appeal*

---

[8] *See* C.R. at 532-534; *see also* C.R. at 29 (WCJ Dec. at 9).

7

*Bd. (Epicure Home Care, Inc.)*, 134 A.3d 1156, 1161-62 (Pa. Cmwlth. 2016).

*Columbia Cnty. Comm'rs v. Rospendowski (Workers' Comp. Appeal Bd.)*, 286 A.3d 436, 445-46 (Pa. Cmwlth. 2022).

Further, this Court has explained:

Section 422(a) of the [WC] Act [(Act)] provides that all parties in a WC case are "entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached." 77 P.S. § 834. **A decision of a WCJ is "reasoned" if it allows for meaningful appellate review without further elucidation**. *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, . . . 828 A.2d 1043, 1052 ([Pa.] 2003). "[W]hile summaries of testimony alone would be insufficient to satisfy the reasoned decision requirement, **where a WCJ summarizes testimony and also objectively explains [the WCJ's] credibility determinations, the decision will satisfy the requirement**." *Amandeo v. Workers' Comp. Appeal Bd. (Conagra Foods)*, 37 A.3d 72, 76 (Pa. Cmwlth. 2012). In addition, **a WCJ** cannot simply ignore uncontroverted evidence but, rather, **must adequately explain the reasons why the WCJ has rejected such evidence**. 77 P.S. § 834. The reasoned decision requirement "does not require the WCJ to give a line-by-line analysis of each statement by each witness, explaining how a particular statement affected the ultimate decision." *Gumm v. Workers' Comp. Appeal Bd. (J. Allan Steel)*, 942 A.2d 222, 228 (Pa. Cmwlth. 2008) (quoting *Acme Mkts., Inc. v. Workers' Comp. Appeal Bd. (Brown)*, 890 A.2d 21, 26 (Pa. Cmwlth. 2006)). **A reasoned decision challenge "does not permit a party to challenge or second-guess the WCJ's reasons for credibility determinations," and those determinations will be upheld on appeal unless they were made arbitrarily or capriciously**. *Hershgordon v. Workers' Comp. Appeal Bd. (Pepboys, Manny, Moe & Jack)*, 14 A.3d 922, 928 (Pa. Cmwlth. 2011) (quoting *Dorsey v. Workers' Comp. Appeal Bd.*

*(Crossing Constr. Co.)*, 893 A.2d 191, 195 (Pa. Cmwlth. 2006)).

*Sadler v. Phila. Coca Cola (Workers' Comp. Appeal Bd.)*, 269 A.3d 690, 715-16 (Pa. Cmwlth.), *appeal denied*, 282 A.3d 687 (Pa. 2022) (emphasis added).

Here, after summarizing all of the evidence presented, the WCJ determined:

> [] This [WCJ] has reviewed Claimant's testimony and finds it not credible regarding the occurrence of the incident. While this [WCJ] does not doubt Claimant suffered an incident on November 24, 2019, **Claimant's testimony regarding the specifics of its occurrence is not credible**. Claimant testified that she lost consciousness before falling but knows she fell. When compared to the testimony and statement of [] Sokowski, as well as the credible testimony of Dr. DeSouza regarding Claimant's medical records and history, **Claimant's testimony is inconsistent with the purported mechanism of injury**.
>
> [] This [WCJ] has reviewed the testimony of [] Sokowski and finds it credible regarding the occurrence of the November 24, 2019 incident. [] **Sokowski's testimony is not only consistent with her statement made contemporaneously with the incident but also with the credible testimony of Dr**. **DeSouza regarding the inconsistent**, **purported mechanism of injury**.
>
> [] **This** [**WCJ**] has reviewed the testimony of Dr. Shah and Dr. DeSouza and **accepts the testimony of Dr**. **DeSouza**, **where they conflict**. Dr. DeSouza, who oddly seemed to have a better understanding of Claimant's prior treatment than the treating physician, Dr. Shah, cogently, clearly, convincingly, [and] credibly testified that there was no correlation between Claimant's complaints, which were subjective in nature, and the (incredible) mechanism of injury. Dr. DeSouza, who reviewed the diagnostic study films as well as the initial treating records, credibly explained the relatively benign positive findings and their (mostly) unrelatedness to Claimant's complaints. Regardless, any complaints were not traumatic in nature. **Dr**. **Shah's testimony**, **given his relative ignorance of**

9

**Claimant's prior medical status**, **is rejected as unconvincing and equivocal**.

C.R. at 29-30 (emphasis added). The WCJ concluded: "Claimant did not meet her burden under her Claim Petition." C.R. at 30.

"[V]iew[ing] the evidence in the light most favorable to the prevailing party[, Employer herein,] and giv[ing] [Employer] the benefit of all inferences reasonably deduced from the evidence[,]" as we must, this Court holds that substantial evidence supports the WCJ's conclusion. *Columbia Cnty. Comm'rs*, 286 A.3d at 446 (quoting *Edwards*, 134 A.3d at 1161-62). Further, because the "WCJ summarize[d] [the] testimony and also objectively explain[ed] [the WCJ's] credibility determinations, the decision [] satisf[ies] the [reasoned decision] requirement." *Sadler*, 269 A.3d at 715 (quoting *Amandeo*, 37 A.3d at 76).

For all of the above reasons, the Board's order is affirmed.

_____

ANNE E. COVEY, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tisho Ann John,             :
         Petitioner      :
                      :
        v.               :
                      :
10400 Roosevelt Operating LLC :
d/b/a Saint John Neumann Center :
for Rehabilitation and Healthcare :
(Workers' Compensation Appeal :
Board),                 :  No. 1453 C.D. 2022
        Respondent   :

## O R D E R

AND NOW, this 31st day of October, 2023, the Workers' Compensation Appeal Board's October 5, 2022 order is affirmed.

_____
ANNE E. COVEY, Judge